Filed December 20, 1892.

15,876.

## DAVENPORT v. GWILLIAMS.

CONVEYANCE.—*Deed.*—*Construction of.*—*Surplusage in.*—*Inchoate Interest of Wife can not be Conveyed.*—*Not a Present Estate.*—Where a deed made by a husband and wife contains all the matter essential to a conveyance in fee simple of the interest of both grantors, but contained the clause, "intending hereby to convey absolutely to said grantee, as executor aforesaid, all the interest of Sarah Davenport in said premises," such clause will be treated as mere surplusage, and will not operate to make it the intention of the parties to convey simply the inchoate interest of the wife (for the fee simple was in the husband), which would be a nullity.

The inchoate interest of the wife in the lands of her husband is not a present estate, and so long as the title remains in the husband, the inchoate interest alone can not be conveyed.

DEED.—*Construction of.*—*Construed Most Favorably to Grantee.*—*Will be given Some Effect if Possible.*—When a deed is ambiguous, and it is necessary to resort to rules of construction, the instrument will be considered as a whole, and construed most favorably to the grantee; and, if possible, some effect will be given to the deed; for it will be assumed that the parties intended the deed to be operative, and not a mere nullity.

From the Benton Circuit Court.

*E. P. Hammond, M. H. Walker, G. H. Gray* and *W. B. Austin,* for appellant.

*J. H. Adams, J. R. Coffroth* and *T. A. Stuart,* for appellee.

McBRIDE, C. J.—While several errors are assigned in this case, they all hinge upon the construction of the following deed:

" TO ALL PEOPLE TO WHOM THESE PRESENTS SHALL COME,. GREETING :

" Know ye that we, Joseph Davenport and Sarah Davenport, his wife, of the town of West Hartford, county of Hartford, and State of Connecticut, for the consideration of one dollar, received to our full satisfaction of Shubael H. Whaples, of the town of Newington, in said county, executor of the will of Albert S. Hunn, deceased,

" Do give, grant, bargain, sell and confirm unto the said Shubael II. Whaples, executor as aforesaid, a certain piece of land situated in the county of Benton, State of Indiana, being the northwest quarter, section seventeen, and the east half of section eighteen, in the township number twenty-five, range seven west, containing four hundred and eighty acres of land. Said premises were mortgaged by deed recorded in mortgage records, Book No. 9, at pages 131 and 132, by Joseph Davenport to said Albert S. Hunn; intending hereby to convey absolutely to said grantee, as executor as aforesaid, all the interest of Sarah Davenport in said premises.

"To have and to hold the above granted and bargained premises, with the appurtenances thereof, unto the said grantee, his heirs, and assigns forever, to his and their own proper use and behoof. And, also, I, the said grantors, do for ourselves, our heirs, executors, and administrators, covenant with the said grantee, his heirs, and assigns that, at and until the ensealing of these presents, we are well seized of the premises as a good indefeasible estate in fee simple, and have good right to bargain and sell the same in manner and form as is above written, and that the same is free from all incumbrances whatsoever.

"And, furthermore, we, the said grantors, do by these presents bind ourselves and our heirs forever to warrant and defend the above granted and bargained premises to him and the said grantee, his heirs and assigns, against all claims and demands whatsoever, with the exception of such taxes as may have been assessed or become due since March 30, 1878.

"In witness whereof, we have hereunto set our hands and seals this fourteenth day of April, in the year of our Lord, one thousand eight hundred and seventy-nine.

"JOSEPH DAVENPORT. [L: S.]
"SARAH DAVENPORT. [L. S.]

"Signed, sealed, and delivered in the presence of

"HENRY TALCOTT.
"SARAH J. BYWATER."

When the deed was executed, Joseph Davenport was owner in fee of the land in controversy, subject to the mortgage referred to in the deed. Sarah Davenport owned no interest whatever therein, except her inchoate interest as his wife.

We quote from the brief of counsel for the appellant their statement of the contention:

"The contention between the parties arises upon the construction of the Davenport deed to Whaples. Appellee claims that it was effective to convey Joseph Daven-

port's title. Appellant insists that its manifest purpose was to convey only the inchoate interest of Davenport's first wife, and that, as her death occurred before that of her husband, the deed was inoperative and void."

This argument rests upon the use by the parties of the words, "intending hereby to convey absolutely to said grantee, as executor aforesaid, all the interest of Sarah Davenport in said premises," which, they insist, are words of limitation, serving to limit the estate conveyed to the inchoate interest of the wife therein referred to.

The construction contended for by the appellant would violate many well-settled rules for the construction of deeds. The purpose of all such rules is to ascertain the intention of the parties. 3 Washburn on Real Property, marginal pages 622–631.

A deed should, if possible, be so construed that some effect will be given it. It will be assumed that the parties did not intend that it should be a nullity, and did intend that it should be operative. It will be upheld rather than defeated. 2 Parsons on Contracts, 505; *Irwin* v. *Kilburn*, 104 Ind. 113; *Gano* v. *Aldridge*, 27 Ind. 294.

When it becomes necessary to resort to rules of construction, to determine the meaning and purport of a deed, because of any ambiguity in the terms used, that construction will be adopted which is most favorable to the grantee. *Hunt* v. *Francis*, 5 Ind. 302; *Hackleman* v. *Board, etc.*, 78 Ind. 162; 2 Parsons on Conts., *supra*.

It is also a cardinal rule in the construction of deeds that it be made on the entire deed, and not merely upon a particular part of it; and, therefore, every part of a deed ought, if possible, to take effect, and every word to operate. Willard on Real Estate and Conveyancing, 401; *Williams* v. *Owen*, 116 Ind. 70; *Allen* v. *Holton*, 20 Pick. 458–463.

If the words in controversy had been omitted from the

deed, there would have been no room for doubt as to its meaning. It is clear that the deed without them would have conveyed the entire interests of both grantors.

Giving to that clause, however, the effect contended for by the appellant renders it inoperative and defeats it as a conveyance.

The inchoate right of the wife in the lands of her husband is not a present estate. So long as the title of the husband remains vested in him, such inchoate right alone can not be conveyed. A deed which attempts to convey such inchoate right, and no more, leaving the husband's title in him, is void. *McCormick* v. *Hunter*, 50 Ind. 186; *Paulus* v. *Latta*, 93 Ind. 34; *Snoddy* v. *Leavitt*, 105 Ind. 357; *Hudson* v. *Evans*, 81 Ind. 596; *Rupe* v. *Hadley*, 113 Ind. 416.

Such construction is not that most favorable to the grantee, but is destructive of his interest. It assumes that the parties, with all the formalities attending the execution of a valid conveyance of land, executed a paper which conveys nothing, and is a nullity. These words relate solely to the wife's interest in the land, and declare the purpose of the parties to convey such interest to the grantee. The language previously used is ample to convey that interest. The words in question, while surplusage, are not contradictory of, nor are they inconsistent with any other portion of the deed. Treating them as surplusage, while it convicts the parties of using unnecessary and redundant language, acquits them of the charge of inconsistency and of making a void instrument. It upholds instead of striking down the deed. The latter construction harmonizes all of the provisions of the deed, and is, in our opinion, the correct one.

The conclusion we have reached is in accordance with the judgment of the Circuit Court, and its judgment is, therefore, affirmed, with costs.

Filed September 14, 1892; petition for a rehearing overruled December 22, 1892.