GRAHAM ET AL. *v.* LUNSFORD ET AL.

[No. 17,802. Filed December 9, 1897.]

QUIETING TITLE.—*Plaintiff Must Recover on Strength of His Own Title.*—In an action to quiet title to real estate the plaintiff must prevail on the strength of his own title, the failure of the defendant to establish title to the real estate in question can furnish no ground for recovery. *p. 88.*

SAME.—*Estoppel.*—A grantor of real estate is not estopped by his covenants of warranty from asserting after acquired title to the lands conveyed as against the heirs of his grantee, where his title to such real estate was quieted in an action brought by grantee's heirs. *pp. 88, 89.*

SAME.—*Estoppel.*—A judgment rendered against defendants for costs in an action in ejectment cannot operate as an estoppel against defendants in an action by plaintiff to quiet title to such real estate. *p. 89.*

From the Daviess Circuit Court. *Affirmed.*

*James W. Ogdon,* for appellants.

*A. J. Padgett* and *J. H. O'Neall,* for appellees.

JORDAN, J.—This action was instituted by appellants against appellees, John C. and Mary J. Lunsford, to recover possession of, and to quiet their title to the following described real estate, situated in Daviess county, Indiana, to wit: Beginning 168 90-100 rods north of the southeast corner of section 18, township 2 N., R. 7 west, running thence due west to Veal's Creek, thence up said creek with the meanders thereof to the boundary line of said section, thence south to the place of beginning.

The defendants answered the complaint by a general denial. The question of title which appellants seek to present arises on the special finding of facts and the court's conclusion thereon. The facts found by the court are in the main substantially as follows: Plaintiffs and defendants claim their respective titles to the land in dispute through one James C. Veal. On March 23, 1877, one John Scudder owned and held a judgment unsatisfied against the said James C. Veal, which was a lien on the said lands. On April 4, 1883, the sheriff of Daviess county, Indiana, executed a sheriff's deed to William F. McDougal, to the following lands in said county: All that part of section 18, township 2 N., R. 7 west, more particularly described as follows: Beginning 168 1-2 rods N. of the S. E.

corner of said section 18, running thence due west to Veal's Creek, thence up said creek with the meanders thereof to the east side of said section, thence south to the place of beginning. The finding then states that this sheriff's deed recites that on September 27, 1881, in a certain action in the Daviess Circuit Court, wherein William H. Dillingham et al. were plaintiffs, and Jas. C. and Mary E. Veal et al. were defendants, a judgment was rendered against said Veal et al. for the sum of $50,511.54, and a foreclosure of a mortgage executed by said Veals was decreed by the court, and all of the interest of the said Jas. C. and Mary E. Veal in and to certain lands was ordered to be sold, among which was the tract above described. It is found by the court that said deed further recited the issuing of a copy of the decree to the sheriff of the county, who, after duly advertising the sale of the lands, sold the same on the — day of ——, 1882, to John H. O'Neal, for the sum of $———. That a certificate of sale was executed to said purchaser by the sheriff, which was assigned to William F. McDougal, to whom a sheriff's deed was executed, after the expiration of one year. The court further finds that on April 17, 1883, McDougal and wife joined O'Neal and David J. Heffron and their wives in a deed conveying the lands in controversy, among others, to Thomas B. Graham. That in said deed of conveyance McDougal conveyed and quitclaimed to Graham, and O'Neal, and Heffron conveyed and warranted the land to him. Graham occupied said lands and used the same until the summer of 1885, when he died, leaving a will, by which he devised all of his real estate to his surviving widow, Margaret Graham. On October 9, 1886, an execution was issued on the Scudder judgment, rendered in March, 1877, against Veal, and the sheriff of Daviess county levied the same for the amount due thereon,

on all the interest of Veal in section 18, township 2 N., R. 7 west, not devested by a certain mortgage, executed to Thomas B. Graham, by said Veal, and on March 5, 1887, after duly advertising the sale, sold the said lands to William F. McDougal, and on May 12, 1890, a sheriff's deed, under said sale, was executed to said purchaser for all of said section 18, except 337.80 acres off of the south side thereof, and except that part of said section lying north of Veal's Creek; this deed was duly recorded. On August 31, 1888, Margaret Graham commenced an action in the Daviess Circuit Court against said McDougal to quiet title to these and other lands, and such proceedings were had in said suit, that under the issues joined therein between the parties, the court adjudged McDougal to be the owner of all that part of said section 18 lying south of Veal's Creek and north of a line drawn east and west through the section so as to leave 337.80 acres on the south side of this line, and quieted the title in McDougal thereto, against said plaintiff and all persons claiming through her. Subsequently, in July, 1889, a controversy arose as to the north line of the 337.80 acres, and a survey, on notice of McDougal to Margaret Graham, was made, and said line established and a fence was built along the line; after this fence was built McDougal used and controlled the land between this fence and Veal's Creek until he disposed of it to the appellees, by conveying to them, by a warranty deed, on October 30, 1890, which deed was duly recorded. The appellees have been in possession of said lands and have improved the same. Margaret Graham subsequently died intestate, leaving the appellants as her only heirs at law. In April, 1893, the appellees commenced an action in ejectment in the Daviess Circuit Court against appellants, alleging in their complaint that they were the owners and en-

titled to possession of that part of section 18, township 2 N., R. 7 west, etc., the realty being described by the same boundaries as it is in the complaint in the case at bar. Appellants filed an answer in said suit in denial, and upon the trial, the court adjudged that said plaintiffs take nothing by their said action, and that the defendants recover their cost. On these facts the court stated its conclusions of law, which are in substance as follows:

1st. That Jas. C. Veal, on and prior to April 4, 1883, was the owner in fee of the real estate in dispute, subject to the mortgage liens of John Scudder, William H. Dillingham and others, and on said date the sheriff conveyed all of his and his wife's interest in said lands to William F. McDougal.

2d. That the deed of McDougal, O'Neal and Heffron, of April 17, 1883, operated to convey all of the interest of said McDougal in said lands to Thomas B. Graham.

3d. That the judgment lien of John Scudder, of date March 3, 1877, was superior and paramount to the interest and title which said Graham acquired to the lands, under the said deed of McDougal, O'Neal, and Heffron.

4th. That the title acquired by McDougal in the real estate in question, under the sheriff's deed of May 12, 1890, was superior to the title then owned and held by Graham to the land, under his deed from McDougal, O'Neal, and Heffron.

5th. That the judgment of the court in the action instituted by Mrs. Graham quieted the title of McDougal to the lands.

6th. That the judgment of the court in the action of the appellees against the appellants in October, 1893, did not pass upon, adjudge, or determine the title to the real estate, or in any manner change, modify, or

amend the decree of the court quieting McDougal's title in the former action prosecuted by Mrs. Graham.

7th.   That the defendants are entitled to a judgment for cost.

The court rendered its judgment that the plaintiffs take nothing by their action, and that the defendants recover cost.   Under the provisions of section 1069, Burns' R. S. 1894 (1057, R. S. 1881), and a rule well affirmed by repeated decisions of this court, the appellants, in order to prevail in this suit, must do so on the strength of their own title.   The burden was cast upon them to show a sufficient title to the lands in dispute; and the failure of appellees to establish any title thereto could afford the former no ground whatever for a recovery.   It is evident, therefore, under the facts as found by the court, that the appellants fell far short of establishing title to the tract of land which they sought to recover.   Their counsel insist that McDougal must be held not only to have quitclaimed his interest in the lands to Thomas B. Graham, by joining in the O'Neal and Heffron deed, in which the latter conveyed and warranted, but he must be deemed and held also to have joined them in their warranty, and was thereby estopped from asserting any after-acquired title to the lands, as against said Graham or those claiming through him.   But if this contention should be conceded as correct, it could not avail appellants in this action, for it appears that in 1888, five years after the execution of the McDougal and O'Neal deed to Graham, in an action by the widow of the latter, who claimed title under his will, McDougal succeeded in quieting his title to the lands in controversy, as against Mrs. Graham and all persons claiming through her.   If it could be said that McDougal was estopped by any covenants of warranty, such estoppel could be of no avail in consideration of the decree

quieting his title to the realty.  That decree effectually precluded the plaintiff in that action, and the appellants, who claim as her heirs, from asserting any title or claim to the lands in which McDougal's title was quieted, and would have enabled the latter, if necessary, to have maintained an action thereon for the recovery of the possession of such lands.  *Farrar* v. *Clark*, 97 Ind. 447.

It is disclosed by the facts that after the rendition of the judgment quieting the title in McDougal, and after the survey mentioned in the special finding, he used and controlled the land until he conveyed it to the appellees in 1890.  It further appears by the special finding that the appellees, in 1893, unsuccessfully prosecuted an action in ejectment against appellants to recover possession of the land in question, and that a judgment was rendered in that suit in favor of the latter for cost.  This, it is contended, operates as an estoppel against the appellees, and affords the appellants the right to recover in this action.  But appellees are not seeking to recover or quiet any title to the land in suit, and it is clear that under the circumstances the judgment in that action cannot be invoked in this suit by appellants to support their title to the premises in controversy.  This, we think, is so evident, under the facts, that the question may be dismissed without further consideration.  See Black on Judgments, sections 650, 654, and 655; Freeman on Judgments, sections 295, 300, and 301.

Appellants having failed, under the facts, to establish title to the land, the judgment below, so far as they are concerned, is a correct result, and is therefore affirmed.