LASSITER ET AL. *v.* GOLDBLATT BROS. INC., ET AL.

[No. 27,715.   Filed May 27, 1942.]

Gerald A. Gillett and Kal Waller, both of Hammond, for appellants.

Tinkham & Tinkham, of Hammond, and Kenneth Call, of Gary, for appellees.

RICHMAN, J.—In an ordinary warranty deed from Jacob Rimbach, Incorporated, grantor, the grantees were designated as "Jacob Rimbach, Trustees." Appellants assert that from extraneous evidence the "Trus-

tees" may be identified as the four daughters of Jacob Rimbach, deceased, who were then acting as trustees under a testamentary trust created by him and after his death amended by them with the consent of the court having jurisdiction of the trust. To this much only of appellants' argument appellees assent.

Going a step further, appellants say that inasmuch as the deed itself does not create a trust, the four daughters took title not as trustees but as individuals. This conclusion is reached by the following ingenious argument.

The only uncertainty in the deed, absolute on its face, is in the description of the grantees. Their identity may be shown by parol testimony. But "no trust concerning lands . . . shall be created, unless in writing, . . ." § 56-601, Burns' 1933, § 14734, Baldwin's 1934. There is no such writing in the deed and therefore no trust. ". . . if a deed cannot take effect in the precise way intended, yet if it can operate in another mode it will be so construed." Devlin on Deeds (3rd ed. 1911), Vol. 2, § 837, p. 1514. "It will be assumed that the parties did not intend that it should be a nullity." *Davenport* v. *Gwilliams* (1892), 133 Ind. 142, 31 N. E. 790. Therefore it will be made effective by permitting the four trustees to take individually as tenants in common.

This argument ignores a basic principle in the construction of written instruments which is stated in 16 Am. Jur., Deeds, § 168, p. 531, as follows:

> "In the consideration of the application of rules of construction to deeds, it has been pointed out that all rules of construction are simply means to a given end, being those methods of reasoning which experience has taught are best calculated to lead to the intention, and generally no rule will be

adopted that leads to the defeat of the intention. That is to say, the primary rule to be observed is that the real intention of the parties, particularly that of the grantor, is to be sought and carried out whenever possible, when contrary to no settled rule of property which specifically ingrafts a particular meaning upon certain language or when not contrary to, or violative of, settled principles of law or statutory prohibitions. . . .

"The tendency of modern decisions is to disregard technicalities and to treat all uncertainties in a conveyance as ambiguities subject to be cleared up by resort to the intention of the parties as gathered from the instrument itself, the circumstances attending and leading up to its execution, and the subject matter and the situation of the parties as of that time. Hence, in the construction of deeds surrounding circumstances are accorded due weight. In the consideration of these various factors, the court will place itself as nearly as possible in the position of the parties when the instrument was executed."

Without the aid of extrinsic evidence we have no difficulty in finding that the intent of the grantor was to convey to trustees and that there was no intent to convey to individuals. We know of no artificial or statutory rule that requires us to insert in the deed the names of grantees who were never intended to receive the property. If the trustees may not hold it is better to treat the attempted conveyance as futile than for us to make a new and different deed from that intended. In some such cases it has been said that a trust results in favor of the grantor. See 1 Scott on Trusts (1939), § 45.4, p. 270, and *Sanford* v. *Van Pelt* (1926), 314 Mo. 175, 282 S. W. 1022, where the authorities are reviewed. Appellees say also that a trust may be implied in favor of the beneficiaries of the testamentary trust according to its terms. But as the issues were formed below we are not required

to go further into the question. The sole premise of appellants' claims was that by virtue of the deed Emma Champaign, one of the four trustees, as an individual took a one-fourth share of the real estate in fee simple. The judgment denied that premise and may be affirmed without deciding the actual effect of the deed. It is unnecessary to review the evidence which discloses that the situation of the parties and the practical construction adopted and acquiesced in by them, including appellant Louise Morbeck, for the seven years during which Emma Champaign lived after the execution of the deed are wholly in harmony with our conclusion.

Judgment affirmed.

NOTE.—Reported in 41 N. E. (2d) 803.