ROSS, INC. *v.* LEGLER ET AL.

[No. 30,401. Filed June 12, 1964. Rehearing denied October 8, 1964.]

*Ben J. Biederwolf* and *Merrill, Schroeder, Johnson & Kleindorfer,* both of Evansville, for appellant.

*Bamberger, Foreman, Oswald & Hahn, F. Wendell Lensing, John G. Bunner* and *Joseph S. Hatfield,* all of Evansville, for appellees.

1. This case was reassigned on May 14, 1964.

ACHOR, C. J.—This is an action brought by the appellee, Evansville School Corporation against the appellant, Ross, Inc., and other appellees herein, for the condemnation of real estate for school purposes.

The parties are in agreement that the only issue in this case is whether the deeds, through which appellant claims title, convey the fee simple title or an easement only. This issue was raised in the trial court by appellant's affirmative answer asking that title be quieted in it, and by the cross-complaint and replies filed by the appellees Legler, Davidson, Fickas, et al., asking that title be quieted in them. The court held that the appellees, Nellie Rex Legler, et al., and the appellees, Annadale Pollock Fickas, et al., were the owners in fee simple of said real estate, and that the appellant had no title in said property.

The real estate which is the subject of this controversy, is a strip or belt of land 50 feet wide abutting a public street in the city of Evansville, and a 12 acre tract of land on the other side thereof, which latter tract had been purchased by the Evansville School City as a site for a school. The predecessors, in title to the strip of land in controversy, had sold the same to the Evansville Terminal Railway in 1908 by three separate deeds. A railroad was operated thereon until 1948. In that year, after several transfers, the title to said strip had been acquired by the Evansville & Ohio Valley Railway Co., Inc., which abandoned the railroad (by taking up the tracks) and executed a quit claim deed thereto to the appellant Ross, Inc. It is upon the strength of this chain of title that appellant rests his cause of action.

Obviously our decision in this case must rest upon a construction of the deeds by which the above con-

veyances were executed. In this we are guided by certain established rules which are applicable to this type of action. They are:

1. The plaintiff (appellant) must recover upon the strength of his own title. *Denham et al.* v. *Degymas et al.* (1958), 237 Ind. 666, 147 N. E. 2d 214; *Kerfoot* v. *Kessener* (1949), 227 Ind. 58, 84 N. E. 2d 190; *L. & G. Rlty. & Constr. Co.* v. *Indianapolis* (1958), 127 Ind. App. 315, 139 N. E. 2d 580.

As stated in *Graham* v. *Lunsford* (1897), 149 Ind. 83, 88, 48 N. E. 627:

> " . . . Under . . . a rule well affirmed by repeated decisions of this court, the appellants, in order to prevail in this suit, must do so on the strength of their own title. The burden was cast upon them to show a sufficient title to the lands in dispute; and the failure of appellees to establish any title thereto could afford the former no ground whatever for recovery. . . . "

2. In construing a deed, it is a rule, as in the construction of other written instruments, that all words are to be given effect for the purpose of determining the intent of the parties. *Leeds* v. *Leeds* (1945), 223 Ind. 593, 63 N. E. 2d 541; *Lassiter* v. *Goldblat Bros.* (1942), 220 Ind. 215, 41 N. E. 2d 803; *L. & G. Rlty. & Constr. Co.* v. *Indianapolis supra* (127 Ind. App. 315).

Similarly, in *Davenport* v. *Gwilliams* (1892), 133 Ind. 142, 145, 31 N. E. 790, this court stated:

> "It is also a cardinal rule in the construction of deeds that it be made on the *entire deed, and not merely upon a particular part of it; and, therefore, every part of a deed ought, if possible, to*

*take effect, and every word to operate.*" [Cases cited.] [Emphasis supplied.]

Likewise, in the case of *Claridge* v. *Phelps* (1938), 105 Ind. App. 344, 347, 11 N. E. 2d 503, it has been stated:

" . . . .'[O]ne of the most important rules in the construction of deeds is so *to construe them that no part shall be rejected.* The object of all construction is to ascertain the intent of the parties, and *it must have been their intent to have some meaning in every part.* It never could be a man's intent to contradict himself; therefore we should lean to such a construction as reconciles the different parts, and reject a construction which leads to a contradiction. . . . ' [*Wager* v. *Wager* (Penn.), 1 Serg. & R. 374]"

3. Public policy does not favor the conveyance of strips of land by simple titles to railroad companies for right-of-way purposes, either by deed or condemnation. This policy is based upon the fact that the alienation of such strips or belts of land from and across the primary or parent bodies of the land from which they are severed, is obviously not necessary to the purpose for which such conveyances are made after abandonment of the intended uses as expressed in the conveyance, and that thereafter such severance generally operates adversely to the normal and best use of all the property involved. Therefore, where there is ambiguity as to the character of the interest or title conveyed such ambiguity will generally be construed in favor of the original grantors, their heirs and assigns.

Section 1 of the 1905 Condemnation Act specifically provides that where a railroad acquires a right-of-way

by condemnation, it may *not* acquire a fee simple title.[2] This statute was in effect when the railroad first acquired the strip of land for a right-of-way in 1908 and must have been understood by the railroad as expressing the public policy upon this issue.

This policy was also recognized in the case of *L. & G. Rlty. & Constr. Co.* v. *Indianapolis, supra,* 127 Ind. App. 315, 328, 139 N. E. 2d 580:

> "In *Houston N. S. Ry. Co.* v. *Tyrrel* (1936), 128 Texas 248, 98 S. W. 2d 786, 108 A. L. R. 1508, it was held that the statutory provisions that the right of way secured by a condemnation to a railroad company shall not be construed to include the fee simple estate but merely an easement, is an enunciation of the rule existing without statute, the basis of which is the fundamental principle that no more property and no greater estate or interest may be taken than the public use required."

4. A deed, when the interest conveyed is defined or described as a "right of way," conveys only an easement in which title reverts to the grantor, his heirs or assigns upon the abandonment of such right-of-way. *L. & G. Rlty. & Constr. Co.* v. *Indianapolis, supra; Ingalls* v. *Byers* (1883), 94 Ind. 134; *The Cincinnati, Indianapolis, St. Louis and Chicago R'y Co.* v. *Geisel* (1889), 119 Ind. 77, 21 N. E. 470; *Lake Erie & Western Railroad Company* v. *Ziebarth* (1893), 6 Ind. App. 228, 33 N. E. 256.

In his brief, appellant relies primarily upon the

---

2. Although in the event of ambiguity as to the character of the interest or title in land conveyed for right-of-way purposes, public policy normally favors the reversion of such land to the original owner, his heirs and assigns on abandonment thereof by a railroad, a possible and reasonable exception within the public policy might exist where such easement and right-of-way is conveyed to and dedicated by a governmental body for a public right-of-way. However, we do not decide this issue which is not here presented.

original deeds of 1908 to the railroad as supporting his title to the real estate in controversy. We therefore first examine these deeds to ascertain from the express language therein contained whether the parties intended that they convey a fee simple title or a right-of-way in the land described therein, as herein asserted by appellant. Each of these conveyances described the strip of land (50 feet wide) as a "right of way." Specifically the last sentence in the description portion of each deed provided: "Said strip of right of way . . . containing . . . acres more or less."

It is appellant's contention that this provision is meaningless, since it was merely an enhancement of the descriptive clause of the deed, and was not a restriction or limitation contained in either the "granting clause" or the *habendum* clause in the deed. We find this to be an over-refinement of the rules of construction. As heretofore stated, we must consider the deed in its entirety and also the known use to which the property was to be subjected[3] and therefrom give the conveyance the effect intended by the parties. The description clause of a deed may be employed to describe the quality as well as the dimensions and quantity of the estate conveyed. Therefore, under the rules above enunciated, we believe that considering only the 1908 deeds, the decision of the trial court should be affirmed.

However, regardless of the construction which this court may place upon the 1908 conveyances from the

3. " 'The tendency of modern decisions is to disregard technicalities and to treat all uncertainties in a conveyance as ambiguities subject to be cleared up by resort to the intention of the parties as gathered from the instrument itself, the circumstances attending the leading up to its execution, and the subject matter and the situation of the parties as of that time. . . .' " [16 Am. Jur., Deeds, §168, p. 531.] Lassiter v. Goldblatt Bros. (1942), 220 Ind. 215, at 218, 41 N. E. 2d 803.

original landowners to the railway, appellant's cause must stand or fall on the basis of the interest, if any, arising by virtue of its own deeds, which it acquired from the Evansville & Ohio Valley Railway Co., Inc. in 1948.

Appellant, both in the trial court and here, grounds its claim upon its contention that it holds a fee simple title in the subject property. Having taken its stand, it can prevail only if it can sustain a claim to a fee simple title. Consequently, the decision of this court must be as to whether the appellant succeeded in proving such title in itself as a matter of law, and in making this determination we must consider the nature of the interest, if any, conveyed to appellant by the 1948 conveyances from the railway. The deeds, which purport to quit claim and convey an interest in said real estate to appellant, described that interest and the real estate as follows:

*"All of that right of way* on the north side of Covert Avenue and adjoining property in the name of Richard Legler on south side beginning at approximately 210 feet east of Vann Avenue and running in an eastwardly direction 2430 feet to the west line of property in the name of Heerdink." [Our emphasis.]

These deeds whereby appellant claims title to the real estate expressly defined and described the interest conveyed as a "right of way." Thus said deeds conveyed only an easement or right of passage, which easement or right of passage terminated upon the abandonment thereof. Therefore, regardless of the construction here placed upon the original 1908 conveyances, appellant cannot prevail.

Judgment affirmed.

Arterburn, Landis & Myers, JJ., concur.

Jackson, J., dissents, with opinion.

### DISSENTING OPINION.

JACKSON, J.—This cause is here on transfer on order of the Appellate Court on the theory that appeals in condemnation actions are in the Supreme rather than the Appellate Court.

This is an action brought by the appellee, Evansville School Corporation, against the appellant, Ross, Inc., and against the other appellees herein for the condemnation of real estate for school purposes. The ownership of the real estate to be condemned is in dispute between the appellant and certain of the appellees herein.

The parties are in agreement that the only issue in this case is, did the deeds through which appellant claims title convey the fee simple title or an easement only?

The appellant filed its answer and objection to the complaint of appellee, Evansville School Corporation, praying for an order determining that title to the real estate condemned herein was held by the appellant; the appellees, Nellie Rex Legler, et al. and the appellees, Annadale Pollock Fickas, et al., filed separate replies to the appellant's answer and objections and said appellees also filed separate petitions and cross-complaints against the appellant praying for an order determining that title to the real estate condemned herein was held by said appellees. The condemnation order was entered by the court and appraisers were appointed, the appellant filed exceptions to the appraisers report and requested a trial on the issue of the damages. A trial and hearing was held on

the question of title to the condemned real estate, and the court held that the appellees, Nellie Rex Legler, et al., and the appellees, Annadale Pollock Fickas, et al., were the owners in fee simple of said real estate and that the appellant had no title in said property.

The real estate in question is described as follows:

"Part of the South One-half of the North-west Quarter and a Part of the North one-half of the Southwest Quarter of Section Thirty-five (35), Township Six (6) South, Range Ten (10) West, in Vanderburgh County, Indiana, more particularly described as follows:

"Beginning at a point on the South line of the Southwest quarter of the Northwest quarter of said Section which is North Eighty-nine (89) degrees and Fifty (50) minutes East at a distance of Four hundred Seventy-five (475) feet from the Southwest corner of the Southwest quarter of the Northwest quarter of said Section, thence North and parallel with the West line of the Southwest quarter of the Northwest quarter of said Section for a distance of Thirty-seven and eighteen hundredths (37.18) feet to the point on the North line of the former Right-of-Way of the Evansville and Ohio Valley Railway Company thence North Eighty-nine (89) degrees and Forty-nine (49) minutes East along said North right-of-way line for a distance of Eight hundred seventy-six and fifty-seven hundredths (876.57) feet to a point Twenty-five (25) feet east of the East line of the Southwest quarter of the Northwest quarter of said Section thence South Zero (0) degrees and Eleven (11) minutes West for a distance of Fifty (50) feet to a point on the South line of said former right of way, thence South Eighty-nine (89) degrees and Forty-nine (49) minutes West for a distance of Eight hundred seventy-six and forty-one hundredths (876.41) feet thence North for a distance of Twelve and eighty-two hundredths (12.82) feet to the place of beginning. Subject to any legal highways, easements or rights of way."

Title to the real estate in controversy passed to

appellant's predecessor in title by deeds marked Exhibits A, B, and C. The issue is therefore determined by the construction to be placed upon said instruments.

Exhibit A appearing at page 223 of the transcript is a warranty deed conveying certain real estate therein described to Evansville Terminal Railway predecessor in title to appellant herein. A careful examination of said deed discloses only a metes and bounds description of the real estate therein described, together with a final sentence in the body of the deed reading "[s]aid strip of right of way being located in the southwest quarter of section 35, township 6 south range 10 west and containing .76 acres." Said deed, in my opinion, conveys a fee simple rather than an easement.

Exhibit B, appearing at page 225 of the transcript, is a quit claim deed conveying certain real estate described by metes and bounds. The final paragraph in the body of the deed reads as follows: "[s]aid strip of right of way being located in the northwest quarter of section 35 township 6 south range 10 west containing 1.14 acres more or less." Said instrument, in my opinion, conveys a fee not an easement.

Exhibit C appears at page 227 of the transcript and is a quit claim deed conveying certain real estate therein described by metes and bounds. Said deed contains in the body thereof a statement reading as follows: "Said strip of right of way being located in the northwest quarter of section 35 township 6 south range 10 west containing 1.14 acres more or less." Said deed conveys an interest in the real estate rather than an easement.

The deeds involved provided in the granting clause for a conveyance of "the following described real es-

tate." The granting clause clearly imports a conveyance of land. Quite often deeds contain a specific reverter clause or language stating that the grant shall continue for so long as property is used as a railroad right-of-way or for some other specific purpose, thus imposing a condition subsequent. The deeds through which appellant claims title herein contain no such limitations, restrictions, or conditions subsequent.

The statement in the majority opinion designated paragraph 3 thereof, in my opinion, is an assumption that does not in fact exist. The prohibition as to the acquisition of a fee simple title to railroad right-of-way is limited only to the acquisition of right-of-way by the exercise of the right of eminent domain under the 1905 Act.

The cause should be reversed and remanded to the trial court with instructions to enter its findings and judgment that appellant is the owner in fee simple of the real estate appropriated in this proceedings, and that a hearing be had for the purpose of determining the damages to appellant's real estate.

NOTE.—Reported in 199 N. E. 2d 346.