RODGERS ET UX. *v.* MARKS ETC. ET AL.

[No. 19,969. Filed December 10, 1964. Rehearing denied March 29, 1965. Transfer denied September 13, 1965. Petition to reconsider transfer denied November 3, 1965.]

*Don F. Kitch* and *Stevens and Wampler,* of Plymouth, & *Arthur H. Gemmer,* of Counsel, of Indianapolis, for appellant.

*Kizer & Neu,* of Plymouth, for appellee.

FAULCONER, C. J.—This is a suit to quiet title to certain real estate bordering on Lake of the Woods in Marshall County, Indiana, brought by appellees, Nelson A. Marks and Lula S. Marks, against appellants, James H. Rodgers, Mary M. Rodgers, and others. From a judgment quieting title to the disputed land in plaintiffs-appellees, defendants-appellants, Rodgers, appeal, assigning as error the trial court's overruling of their motion for new trial which specified that the decision of the trial court was not sustained by sufficient evidence and is contrary to law.

The evidence shows the following facts: Andrew J. Thayer, in 1930, was the owner of the northeast quarter of the northeast quarter and the east half of the northwest quarter of the northeast quarter of Section 12, Township 34 North, Range 2 East; that said Thayer had, in 1925, dedicated Andrew J. Thayer's Addition in the said northeast quarter of the northeast quarter, which quarter-quarter section was designated Lot Number One in the dedicated plat. That on August 21, 1930, the said Thayer and his wife mortgaged the following described real estate to The First National Bank of Marshall County:

"All South of M. Koontz ditch of Lot No. One (1) of Section Twelve (12) Township Thirty four (34) North, Range Two (2) east.

"Also all south the M. Koontz ditch of the East half of the North west quarter of the North east quarter of Section Twelve (12) Township Thirty four (34) North, Range Two (2) East, containing Thirty eight acres more or less lying south of the ditch hereby intended to mortgage.

"Except Lots No. Forty eight (48) Fifty two (52) Seventy seven (77) Eighty (80) Eighty one (81) Ninety (90) Ninety three (93) Ninety four (94) Ninety five (95) in Andrew J. Thayer's Addition laid out and Platted on the above described real estate."

Said mortgage was subsequently foreclosed and the mortgagee-bank was purchaser at the sheriff's sale. On December 9, 1938, said bank being in receivership, its receiver conveyed

the same real estate to plaintiffs-appellees, Nelson A. Marks and Lula S. Marks, husband and wife.

On December 30, 1943, Andrew J. Thayer and Mary C. Thayer, his wife, conveyed, by warranty deed, certain real estate to defendants-appellants, James H. Rodgers and Mary M. Rodgers, husband and wife, including the following:

> "Also, Commencing on the North Section line of Section Twelve (12) Township Thirty four (34) North, Range Two (2) East, at the North end of the center line of Lake Drive in Andrew J. Thayer's Addition to Lake of the Woods, thence Southerly and Easterly with the center of Lake Drive and the center line of the State Road Seven hundred twelve (712) feet more or less to the center of M. Koontz Ditch; thence Northeasterly four hundred (400) feet more or less to the end of M. Koontz Ditch; thence Easterly to the East Section line of Section Twelve (12) Township Thirty four (34) North, Range Two (2) East; thence North three hundred (300) feet to the North Section line of said Section Twelve (12) Township Thirty-four (34) North, Range Two (2) East; thence West to the point of beginning."

The issue turns directly on the meaning of the words, "All South of M. Koontz ditch" used in the mortgage of 1930 to describe the land subject to the mortgage. It is not disputed by appellants that where the ditch travels in a northeasterly direction the land south and east thereof within the said Lot One was included in the mortgage, since the description excluded as "laid out and Platted on the above described real estate" certain lots in the Andrew J. Thayer's Addition which, in fact, lie east of the ditch.

It is, however, the contention of appellants that the 1930 mortgage conveyed no land northeast of the terminus of the Koontz Ditch and that certain land bordering on the lake was retained by mortgagor, Thayer, which he subsequently conveyed to appellants-Rodgers by his 1943 deed.

Thus it devolved upon the trial court to determine the intent of the parties to the 1930 mortgage in their use of the

words, "All South of M. Koontz ditch." That intention should be determined by reference to the instrument itself, *Ireland* v. *Francisco Mining Co.* (1926), 85 Ind. App. 428, 431, 151 N. E. 700, the circumstances attending and leading up to its execution, and the situation of the parties as of that time. *Lassiter* v. *Goldblatt Bros.* (1942), 220 Ind. 215, 218, 41 N. E. 2d 803.

In determining whether the judgment is sustained by sufficient evidence or is contrary to law, we can only review that evidence most favorable to the appellee. *Rowe* v. *Johnson* (1945), 223 Ind. 289, 291, 60 N. E. 2d 529; *Craig, Exrx.* v. *Citizens Trust Company* (1940), 217 Ind. 434, 439, 26 N. E. 2d 1006.

The lake has receded to the north and east since the original patent of the land in 1869, and the evidence most favorable to plaintiffs-appellees shows that from the time of the original patent of the land up to the time of trial, the shore line of the lake at the point where the Koontz Ditch terminates in the lake is, and has been, north of all land within Lot One east of such point. From this evidence and reasonable inferences to be drawn therefrom, the trial court could have concluded that in 1930, when Andrew Thayer executed the mortgage which ultimately ripened into plaintiffs-appellees' title, he was aware of the fact that all land northeast of the Koontz Ditch within Lot One was under water and that he, therefore, had no intent to exclude from such mortgage any land northeast of the ditch.

> "It is only where the evidence is without conflict and can lead to but one conclusion, and the trial court has reached an opposite conclusion, that the decision of the trial court will be set aside on the ground that it is contrary to law."
>
> *Pokraka* v. *Lummus Co.* (1952), 230 Ind. 523, 532, 104 N. E. 2d 669.

There is evidence here, although conflicting, to sustain the decision of the trial court, and we cannot say, as a matter

of law, that reasonable men could only have reached a contrary result.

Therefore, the decision of the trial court, being sustained by sufficient evidence and not being contrary to law, is affirmed.

Judgment affirmed.

Carson, Cooper and Ryan, JJ. concur.

NOTE.—Reported in 202 N. E. 2d 764.