KUHN, ETC., ET AL. *v.* KRUGER ET AL.

[No. 20,508. Filed June 12, 1967. Rehearing denied September 20, 1967. Transfer denied December 18, 1967.]

*Wendell C. Hamacher*, of Crown Point, for appellants.

*Richard F. Benne,* of Hammond, and *Joseph E. Brown,* of Crown Point, both for appellees.

FAULCONER, J.—Appellants filed suit to quiet title to certain real estate in Lake County, Indiana. Appellees filed answer in general denial. Appellees, Milford E. Kruger and Leanore Kruger, also filed cross-complaint against appellants alleging that they were the owners in fee simple of the same real estate and asking that their title be quieted. The cross-complaint was answered in general denial. After trial to the court a judgment was entered for appellees, Milford E. Kruger and Leanore Kruger on their cross-complaint.

We are not here concerned with appellee, State of Indiana, as it has not appealed and will not be affected.

Appellants' motion for new trial was overruled and this action is assigned as error in this court. Appellants waive specifications 3 through 8, inclusive, of their motion for new trial as "no longer applicable." Appellants, under Section "D" of their argument set forth causes 2, 3 and 4 of their assignment of errors. These errors are waived as they are not made grounds of their motion for new trial as required under Rule 2-6, Rules of the Supreme Court, 1964 Revision.

The only specifications of their motion for new trial properly argued by appellants are 1) that the decision of the court is not sustained by sufficient evidence, and 2) that the decision of the court is contrary to law.

From the evidence in the record before us we understand the facts to be as follows: On March 31, 1921, John G. Rettig and Sophia Rettig, husband and wife, acquired title to the following described real estate in Lake County, Indiana, to-wit:

"That part of Lot Forty-eight (48) of Section Sixteen (16), Township Thirty-four (34) North, Range Eight (8) West of the 2nd P.M., lying East of the East bank of Smith's Ditch, also known as Swamp Land Ditch, containing 15.11 acres, more or less."

On January 11, 1938, John G. Rettig and Sophia Rettig, his wife, executed a right-of-way grant to the State of Indiana. This right-of-way grant was never recorded with the recorder of Lake County. On May 17, 1947, John G. Rettig and Sophia Rettig, his wife, executed a warranty deed to Edward Kruger and Edna Kruger,[1] his wife, to the following described real estate in Lake County, Indiana, to-wit:

> "That part of Lot No. Forty-eight (48) of Section 16, Township 34 North, Range 8 West of the 2nd P.M., lying East of the East bank of Smith's Ditch, also known as Swamp Land Ditch; except so much thereof as was taken for highway purposes in laying out and establishing State Highway on northerly boundary line thereof."

On February 28, 1959, appellees, Milford E. Kruger and Leanore Kruger, husband and wife, purchased land from his father and mother, Edward Kruger and Adeline M. Kruger, husband and wife, which included the real estate above described.

The appellants, with the exceptions of Matthias Kuhn, are the heirs of John G. and Sophia Rettig.

It is our understanding of the facts that the grant of right-of-way to the State of Indiana contained more land than was actually used as the roadway, and the dispute is to who owns this "excess" real estate.

Appellants' argument covers two broad contentions: 1) that there is no ambiguity in the conveyance from John G. Rettig and Sophia Rettig to Edward Kruger and Edna Kruger, and from Edward Kruger and Adeline M. Kruger to Milford E. Kruger and Leanore Kruger, and that the language used constituted an exception of land and not of a State Highway easement; and, 2) that by the description the Krugers had knowledge and were on notice of such highway grant. On this point the court found that the Krugers had knowledge of only that part of the highway grant actually used as a highway.

---

1. Now deceased.

Appellees argue that the description in the deeds is ambiguous, that the trial court was justified in its interpretation of them, and that the evidence supports the court's interpretation and consequently the decision.

The intention of the parties in the use of the words, "except so much thereof" contained in the description of the real estate devolved upon the trial court.

"That intention should be determined by reference to the instrument itself, *Ireland* v. *Francisco Mining Co.* (1926), 85 Ind. App. 428, 431, 151 N. E. 700, 154 N. E. 239, the circumstances attending and leading up to its execution, and the situation of the parties as of that time. *Lassiter* v. *Goldblatt Bros.* (1942), 220 Ind. 215, 218, 41 N. E. 2d 803." *Rodgers* v. *Marks* (1964), 138 Ind. App. 35, 202 N. E. 2d 764, 765, 4 Ind. Dec. 285, 288, (Transfer denied).

Likewise, the question of knowledge was one of fact for the determination of the trial court.

"A deed purporting to reserve or except a portion of the land from the conveyance for a specified use raises the question whether the parties intended to entirely except that portion from passing under the deed, or merely to reserve an easement therein to the grantor. A reference in the deed to the future use intended to be made of the portion reserved or excepted has been held to indicate that the parties intended to reserve a mere easement rather than to except the fee." 23 Am. Jur., 2d, *Deeds*, § 276, p. 310.

"In general, an exception which retains or excludes from the grant a previously granted right of way over described property retains or excludes merely an easement and not the fee to the realty used for the right of way, . . ." 26 C. J. S., *Deeds*, § 140(7), p. 1021.

"[B]ut is is otherwise where it clearly appears from the language of the deed that the grantor intended to reserve to himself the fee in the soil of the roadway." 26 C. J. S., *Deeds*, § 135, p. 991.

The trial court found that the deed from John G. Rettig and Sophia Rettig, his wife, to Edward Kruger and Edna

Kruger, his wife, was ambiguous, and further found that the intent of the parties was to pass the fee of the land to the grantee. We can find no error in these findings and judgment of the trial court. The judgment of the trial court should, therefore, be affirmed.

Judgment affirmed.

Carson, P. J., Cooper and Prime, JJ. concur.

NOTE.—Reported in 226 N. E. 2d 902.