PHAR-CREST LAND CORPORATION *v.* THERBER ET UX.

[No. 20,744. Filed December 31, 1968.]

*Bamberger, Foreman, Oswald and Hahn,* Evansville, for appellant.

*Edwin W. Johnson, John L. Carroll, Charles C. Griffith,* Evansville, for appellees.

COOPER, J.—This is an appeal from the Vanderburgh Circuit Court wherein the appellant herein brought an action for ejectment and damages against the appellees. The appellees filed a cross complaint, which asserted title to the same real estate and sought a judgment quieting title in them.

After the issues were properly framed, the legal and equitable issues were divided for trial, and the cause was tried in part to a jury and in part to the court. After all the issues were tried, the Court made findings and conclusions that the appellees were entitled to recover on their cross

complaint and that the title to the real estate should be quieted in the appellees. Thereafter, the Court entered judgment on its findings.

Thereafter, the appellant filed two motions for new trial, one within thirty days following the rendition of the verdict by the jury, and the second within thirty days of the filing of the court's findings of fact and conclusions of law. The second motion incorporated all the causes included in the first motion for a new trial.

The two motions for new trial alleged in substance that the verdict of the jury was not sustained by sufficient evidence, that the verdict of the jury was contrary to law and that the court erred in giving certain instructions. The assigned errors on appeal to this Court include the trial court's overruling of the two motions for new trial and the trial court's overruling of the appellant's motion to modify judgment.

After having heard the oral argument by counsel in this cause, and after having carefully considered the record and the briefs filed herein, we find that the case of *Ross, Inc. v. Legler, et al.* (1964), 245 Ind. 655, 199 N. E. 2d, 346, is the ruling precedent setting out the law under which the issue of legal title in this case should be decided.

It is the considered opinion of more than two members of this Court that the majority opinion of the *Ross* case cited above, is erroneous, and that the dissenting opinion of the *Ross* case correctly states the law applicable to the factual situation now before us. Therefore, this cause is now transferred to the Supreme Court of Indiana, pursuant to the provisions of Burns' Indiana Statutes, Sec. 4-215, for determination by that Court.

Carson, C.J., Prime, J., concur.

Faulconer, J., concurs in results.

NOTE.—Reported in 242 N. E. 2d 641.