**CSX TRANSPORTATION, INC.,**
**Appellant–Defendant,**

**v.**

**Martha E. RABOLD, and all others**
**similarly situated, Appellees–**
**Plaintiffs.**

**No. 51A01–9701–CV–12.**

Court of Appeals of Indiana.

Feb. 23, 1998.

Christopher G. Scanlon, Mark A. Voightman, Baker & Daniels, Indianapolis, Michael L. Carmin, Andrews, Harrell, Mann, Chapman & Coyne, Bloomington, for Appellant–Defendant.

James C. Tucker, Tucker and Tucker, P.C., Paoli, for Appellees–Plaintiffs.

## OPINION

RATLIFF, Senior Judge.

### Case Summary

Appellant-Defendant, CSX Transportation, Inc. ("CSX"), appeals from the trial court's order quieting title to portions of an abandoned railroad corridor.[1]

### Issue

CSX raises one issue for our review which we restate as: whether the trial court properly construed the deed in favor of the adjacent landowner, finding that the deed did not convey a fee simple interest, but conveyed an easement which was extinguished upon abandonment by the railroad.

### Facts and Procedural History

In 1886, Lewis Webster and his wife conveyed a parcel of land to the Orleans, Paoli & Jasper Railway Company. The deed ("First Deed") reads in part:

> [The grantors] do hereby convey and warrant ... the real estate ... bounded and described as follows, to wit: A narrow strip of land 66 feet being 33 feet wide on either side of the center line of the O.P. & J. Ry. as now located through my lands ...

---

1. Appellee–Plaintiff, Martha Rabold, brought the original class action lawsuit against CSX on behalf of all landowners adjoining the railroad corridor extending from Orleans to Paoli, Indiana.

*See CSX Transp., Inc. v. Rabold,* 593 N.E.2d 1277, 1278 n. 1 (Ind.Ct.App.1992) ("Railroad has settled with Rabold."), *trans. denied.*

TO HAVE AND TO HOLD THE SAME, Together with all and singular, the privileges and appurtenances thereto appertaining, and all rights, claims, titles and interest therein . . . forever.

(R. 30). Fifteen years later, in 1901, the Websters conveyed an additional parcel to the railroad, now known as the Chicago, Indianapolis & Louisville Railway Company. This deed ("Second Deed") reads in part:

[The grantors] do hereby convey and warrant . . . the real estate . . . bounded and described as follows, to-wit: Two additional strips of land, each being seventeen (17) feet in width and located one on each side of the present *Right of Way* . . . Said additional strips is intended to convey enough land to make a *Right of Way* One Hundred (100) feet in width having Fifty (50) feet on each side of the center line of track as now located . . .

TO HAVE AND TO HOLD THE SAME, Together with all and singular the privileges and appurtenances thereto appertaining, and all rights, claims, titles and interest therein . . . forever.

(R. 32) (emphasis added, capitalization in original). Following a hearing, the trial court quieted title to the parcel conveyed by the First Deed in favor of CSX, but quieted title against CSX in the parcel conveyed by the Second Deed. The trial court entered findings of fact and conclusions of law, in part as follows:

Findings of Fact

. . . .

3. The parties dispute the quality of title conveyed by the following deeds:

A. Trial Exhibit 1 [First Deed]:

OR–12 Lewis Webster, et ux O.P. & J. Ry 8/21/1886 37/258

B. Trial Exhibit 2 [Second Deed]:

OR–13 Lewis Webster, et ux C.I. & L. Ry 11/21/1901 52/22

4. Trial exhibit 1 [i]s a warranty deed which states that the grantor conveys and warrants all rights, title and interests in certain real estate to the grantee, forever. There is no reference to or use of the term "right-of-way" anywhere in Exhibit 1.

5. Trial exhibit 2 is a warranty deed which states that the grantor conveys and warrants to the grantee, forever, all rights, title and interest in certain real estate adjacent to that conveyed in Exhibit 1. However, trial exhibit 2 (Deed OR–13) contains two references to "right-of-way."

Conclusions of Law

1. [CSX] owns a fee simple interest for those parcels of real estate described in paragraph 2 of the Findings of Fact and trial exhibit 1 (Deed OR–12) as described in paragraph 3A of the Findings of Fact.

. . . .

3. Under the holding in *Consolidated Rail Corporation et al v. Pam Lewellen et al*, Indiana Court of Appeals 54A01–9508–CV–249, dated June 6, 1996 (to be published) [666 N.E.2d 958], the use of the term "right-of-way" i[n] Exhibit 2 creates an ambiguity requiring the court to find that Exhibit 2 does not convey a fee simple interest. Accordingly, title must be quieted against [CSX].

(R. 28–29). CSX appeals the order of the trial court only with regard to the Second Deed.

*Discussion and Decision*

■ This is an appeal from a judgment entered in a bench trial, and our standard of review on appeal is well-established. Because the trial court entered findings of fact and conclusions of law, we apply the following two-tier standard of review: whether the evidence supports the findings, and whether the findings support the judgment. *Kettery v. Heck*, 587 N.E.2d 1365, 1367 (Ind.Ct.App. 1992), *trans. denied.* The court's findings and conclusions will be set aside only if they are clearly erroneous, that is, that the record contains no facts or inferences supporting them. *Id.* A judgment is clearly erroneous when a review of the record leaves us with a firm conviction that a mistake has been made. *Id.* We will not reverse unless the trial court's findings were clearly against the logic and effect of the facts, or reasonable, probable deductions to be drawn therefrom. *Id.*

■ In construing a deed, it is a rule, as in the construction of other written instruments, that all words are to be given effect

for the purpose of determining the intent of the parties. *Ross, Inc. v. Legler*, 245 Ind. 655, 658, 199 N.E.2d 346, 347 (1964). Where there is no ambiguity in the deed, the intention of the parties must be determined from the language of the deed alone. *Brown v. Penn Central Corp.*, 510 N.E.2d 641, 643 (Ind.1987). Further, when a railroad prepares a conveyance form, it is responsible for the printed words. *Id.* Thus, we will construe the form in the light most favorable to the grantors. *Id.*

> The general rule is that a conveyance to a railroad of a strip, piece, or parcel of land, without additional language as to the use or purpose to which the land is to be put or in other ways limiting the estate conveyed, is to be construed as passing an estate in fee, but *reference to a right-of-way in such a conveyance generally leads to its construction as conveying only an easement.*

*Id.* at 644 (emphasis added); *see Consolidated Rail Corp., Inc. v. Lewellen*, 666 N.E.2d 958, 962 (Ind.Ct.App.1996) (*"any* reference to a right-of-way ... will cause the deed to be interpreted as conveying only an easement.") *adopted and aff'd* 682 N.E.2d 779. A deed, when the interest conveyed is defined or described as a "right of way," conveys only an easement in which title reverts to the grantor, his heirs or assigns upon the abandonment of such right-of-way.[2] *Ross*, 245 Ind. at 660, 199 N.E.2d at 348. Public policy does not favor the conveyance of strips of land by simple titles to railroad companies for right-of-way purposes. *Id.* at 659, 199 N.E.2d 346.

■ CSX argues that the term "right of way" in the Second Deed was used merely to describe the existing railroad corridor and was not meant to limit the interest conveyed. CSX contends that the granting clause and habendum clause of a deed should control regarding the grantor's intent, and that the term "right of way" here occurs in the description clause. We construe deeds in their entirety and consider this an "over-refinement of the rules of construction." *Id.* at 661, 199 N.E.2d at 349. The description clause of a deed may be employed to describe

the quality as well as the dimensions and quantity of the estate conveyed. *Id.*

■ CSX correctly states that the term "right-of-way" has a dual meaning. "It is sometimes used to describe a right belonging to a party, a right of passage over any tract; and it is also used to describe that strip of land which railroad companies take upon which to construct their road-bed." *Joy v. City of St. Louis*, 138 U.S. 1, 44, 11 S.Ct. 243, 256, 34 L.Ed. 843 (1891); *see also* Ind.Code § 32–5–12–4 and –5. We conclude that the term "right of way," used here in reference to the subject matter of the deed, and in the absence of the term "fee simple," was intended to convey an easement. If the parties had intended to convey a fee simple interest, nothing prevented the deed from stating this explicitly, as the deed was prepared by the railroad company.[3]

CSX also argues that the Second Deed conveyed a fee simple interest because it tracks the statutory language. Indiana Code Section 32–1–2–12 provides that:

> Any conveyance of lands worded in substance as follows: "A.B. conveys and warrants to C.D." (here describe the premises) "for the sum of" (here insert the consideration,) the said conveyance being dated and duly signed, sealed, and acknowledged by the grantor, *shall be deemed and held to be a conveyance in fee simple* to the grantee, his heirs and assigns.

(Emphasis added). We conclude, however, that the Second Deed goes far beyond the simple statutory language. The deed discusses relocation of a wagon road under a railroad trestle and placement of fill for the roadbed. This deed is more than a simple conveyance. *See Consolidated Rail Corp., Inc. v. Lewellen*, 682 N.E.2d 779, 781 (Ind. 1997) (concluding that the language of the deeds in question do not trace the cited property statute).

CSX also argues that the Second Deed should be construed in conjunction with the First Deed. CSX contends that because the First Deed was found to convey a fee simple interest, it is more likely that the Second Deed also conveyed a fee simple.[4] We need

---

2. "CSX admits that the railroad corridors at issue have been abandoned." (R. 18).

3. The Websters signed both deeds by mark and presumably were illiterate.

4. Rabold does not argue that because the Second

not address this argument, however. Our task is to determine whether sufficient evidence supports the conclusion of the trial court, not whether there is evidence in the record leading to a contrary result. We conclude that there is evidence to support the findings and that those findings support the judgment of the trial court.

Affirmed.

DARDEN and STATON, JJ., concur.

Deed was found to convey an easement, the First Deed should be construed to only convey an    easement.