# THE INDIANAPOLIS, PERU AND CHICAGO R. W. CO. v. RAYL ET AL.

RAILROAD.—*Conveyance of Right of Way.*—*Description.*—Where a statute authorizes a railroad company to receive, from owners of lands over which it is about to construct its railroad, grants of right of way, not exceeding a specified width, an instrument granting such right, without specifying the width thereof, should be construed as granting a right of way as wide as the company may choose to occupy, not exceeding the statutory width.

SAME.—*Title Acquired Subsequent to Grant.*—Where such a grant was made by one holding simply under the pre-emption laws of the United States, his subsequently acquiring the legal title by patent would enure to the benefit of the company.

SAME.—By subsequently laying out an addition to a town, so as to abut upon the right of way of the company, the owner thereby recognized his grant to the company.

SAME. — *Trespass.*—*Street.*—The erection, by the company, of a side-track, upon such right of way, could not be complained of by owners of adjoining lots in such addition, though such side-track interfered with their use of such right of way as a street.

From the Howard Circuit Court.

*D. Moss*, for appellant.

*M. Bell* and *M. McDowell*, for appellees.

NIBLACK, J.—The complaint in this case averred, that William Rayl and Christian Rayl were, and for twenty years then immediately preceding had been, the owners in fee-simple of lots Nos. 64, 65, 66 and 67 in the City of Kokomo; that said lots adjoined and abutted against the east line or side of what was called or known as Buckeye or Railroad street, in said city; that the main line of the railway belonging to the Indianapolis, Peru and Chicago Railway Company ran along and upon said street, at a distance of forty feet west of, and parallel with, the said east line of such street, leaving what was formerly an open area of forty feet in width, between said lots and said line of railway; that in July, 1868, the defendant, the said railway company, without

causing the damages to be first assessed and paid or tendered, and without the consent of the plaintiffs,˙ constructed a switch or side-track to its said railway line, over, along and upon that portion of said street which constituted the open area between said lots and said line of railway, thereby unlawfully obstructing such street and greatly depreciating the value of said lots, to the injury of the plaintiffs. Wherefore the plaintiffs demanded judgment for˙damages, and that the defendant be enjoined from using its said side-track, until it should lawfully obtain the right of way for such side-track, over and along said street.

Issue being joined, the cause was tried by the court. The court made a finding for the plaintiffs, assessing their damages at one hundred dollars, and holding that the defendant ought to be enjoined from further using so much of said side-track as ran between said lots and the main track, until the defendant should procure the right of way over the ground upon which that portion of the side-track was located.

After considering and overruling a motion for a new trial, the court rendered judgment in favor of the plaintiffs, in accordance with its finding.

One of the questions presented and discussed here is that of the sufficiency of the evidence to support the finding.

On the trial, sections 13, 15 and 19 of "An act to incorporate the Peru and Indianapolis Railroad Company," approved January 19th, 1846, were read in evidence.

The 13th section provided that the corporation created by that act should have full power to examine, mark, survey and locate a route for a railroad from Peru, by way of Kokomo, Canton and Noblesville, to Indianapolis, " the same to be not more than eighty feet in width."

The 15th section provided for the relinquishment of so much land as might be necessary for the location and construction of the road, by persons through whose lands such road might pass ; also, that such corporation might

receive, for its benefit, contracts, relinquishments, donations, gifts, grants or bequests, made and entered into in writing, and in consideration of such location, which should be binding and obligatory : " Provided, That all such contracts, relinquishments, donations, gifts, grants and bequests shall be fully and plainly made in writing, and signed by the party making the same."

The 19th section provided, " That when said corporation shall have procured the right of way, as hereinbefore provided, they shall be seized in fee-simple of the right of such land, and they shall have the sole use and occupancy of the same," only not to interfere with other railroad companies then already incorporated.

It was also made to appear, that on the 7th day of September, 1847, one Corydon Richmond, being at the time in the possession and actual occupancy of the tract of land which embraces the lots mentioned in the complaint, under a pre-emption claim authorized by the laws of the United States, executed and delivered to the Peru and Indianapolis Railroad Company a relinquishment to an interest in said tract of land, as follows :

" I, Corydon Richmond, of the county of Howard and State of Indiana, for and in consideration of the advantages which can or will result to the public in general and myself in particular, by the construction of the Peru and Indianapolis Railroad, as now is, or may hereafter be, surveyed or located, for the purpose of facilitating the construction and completion of said work, do hereby, and for myself, my heirs, executors, administrators and assigns, release and relinquish to. the Peru and Indianapolis Railroad Company the right of way for so much of said road as may pass through and out the following piece or parcel of land, to wit : The south-east quarter of section 25, township 24 north, range 3 east ; and I do further release and relinquish to said Peru and Indianapolis Railroad Company all damages, and right to damages, which I may sustain or be en-

titled to by reason of anything connected with, or conse-
quent upon, the construction of said road or road-bed.

"In witness whereof I have hereto set my hand and
seal, this 7th day of September, 1847.

"CORYDON RICHMOND.      [SEAL.]

"Signed, sealed and delivered in the presence of John
Bohan, Agent."

It was further made to appear, that in 1848 or 1849
the Peru and Indianapolis Railroad Company located its
line of road over and upon the tract of land described in the
foregoing relinquishment, and appropriated for the pur-
poses of said road a strip of land across said track sev-
enty feet in width, causing the timber and underbrush
standing upon said strip of land to be soon afterward
cleared away; that the said railway company thereupon
proceeded with the construction of its line of road, com-
pleting the same about the year 1853, when it was opened
for the transportation of freight and passengers.

It was also shown, that, on the 10th day of April, 1849,
the tract of land above described was patented, and con-
veyed by the United States to said Corydon Richmond,
upon a complete compliance on his part with the re-
quirements of his pre-emption claim; that, during the
year 1850, Richmond, in conjunction with one Samuel T.
Mills, and with the approbation and assistance of the
engineer of the Peru and Indianapolis Railroad Company,
laid off a portion of the land so patented and conveyed
to him, as above stated, into an addition to the then town,
now city, of Kokomo, and had the portion of land so laid off
surveyed and platted into lots and streets, under the name
of Mills and Richmond's Addition to the town of Koko-
mo; that he caused that portion of such addition as laid
in squares adjoining the strip of land appropriated for
railroad purposes, to be laid off into lots abutting against
such strip of land, but without infringing upon the
same; that, in his plat of said addition, the said

Richmond left a blank space for said strip of land, without designating it as a street, by name or otherwise; that said lots 64, 65, 66 and 67, were a portion of such addition to the town of Kokomo, and were laid off abutting against the strip of land appropriated by the railroad company; that, after Mills & Richmond's Addition to the town of Kokomo was laid off, so much of the strip of ground taken by the railroad company as was left as an open space was used to such an extent as was safe and convenient, as a public highway, and so continued to be used until the time of bringing this suit; that the plaintiffs became the owners of lot 67 in September, 1856, of lots 65 and 66 in March, 1857, and of lot 64 in September, 1859, deriving their title in each case indirectly from Richmond; that in 1864 the Indianapolis, Peru and Chicago Railway Company succeeded to the corporate rights, property and franchises of the Peru and Indianapolis Railroad Company; that a side-track was constructed in July, 1868, between the plaintiffs' lots and the main track, as stated in the complaint.

Upon the facts thus briefly set out, it is objected that the relinquishment of the right of way by Richmond to the Peru and Indianapolis Railroad Company was void:

First. Because it did not specify the extent or width of the land intended to be relinquished by it;

Second. Because it was shown that, at the time such relinquishment was made, the legal title to the land described in it was not in Richmond, but in the United States.

Section 13 of the act of incorporation, herein above referred to, evidently authorized the Peru and Indianapolis Railroad Company to locate its road upon a continuous strip of ground of any width in the discretion of the company, not exceeding eighty feet, and we think that, under section 15 of that act, a general relinquishment of the right of way over a tract of land, without specifying

any width, conferred upon that company the right to take and appropriate a strip of ground, over the tract specified, not exceeding eighty feet in width.

In other words, we are of the opinion, that, construing sections 13 and 15, *supra*, together, a relinquishment of the right of way over lands, without specifying any width, authorized the company to appropriate and use an area across such lands of any width in the discretion of the company, not exceeding eighty feet; the act of incorporation thus forming a part of the contract of relinquishment.

Whether Richmond, at the time he executed the relinquishment, had such an inchoate interest in the land as enabled him to convey some estate in it, whether conditional or otherwise, we need not enquire.

That relinquishment, as we have construed it, supplemented by section 19, *supra*, of the act of incorporation, enacting that the right of way, when acquired, should be held by the company in fee-simple, purported to convey to the company an estate in fee-simple to so much of the land described in it as constituted the right of way through the land under such relinquishment. Under such circumstances, whatever title Richmond subsequently acquired to the land relinquished by him enured to the benefit of the company. *King* v. *Rea*, 56 Ind. 1.

At all events, it would seem to us, that the subsequent conduct of Richmond can not be otherwise construed than as an affirmance of his relinquishment, obligatory alike upon him and those claiming under him.

We are therefore brought to the conclusion that the evidence showed that the strip of ground in controversy, which had become known in common parlance as Buckeye or Railroad street, was not, and never had been, a public street of the town, now city, of Kokomo, but was at the time the side-track complained of was laid down,

and has since continued to be, the property of the Indianapolis, Peru and Chicago Railway Company, and that, consequently, the court erred in overruling the appellant's motion for a new trial.

All other questions discussed by counsel are but subordinate to those we have passed upon as above, and need not therefore be now considered.

The judgment is reversed, with costs, and the cause is remanded for a new trial.