Douglass *et al. v.* Thomas.

Filed Oct. 7, 1885.

———————◆———————

No. 11,435.

DOUGLASS ET AL. *v.* THOMAS.

DEED.—*Easement.*—*Right of Way.*—*Railroad.*—*Title.*—A deed executed prior to May 6th, 1853, conveying to a railroad company "the right of way," of an undefined width, over certain real estate, such deed containing a stipulation that such company was to "have and hold the said rights and privileges to the use of said company so long as the same shall be required for the uses and purposes of said road," conveys nothing more

than an easement in or right of way over the land, and not the fee simple.

SAME.—*Encumbrance.*—A right of way in favor of a railroad company constitutes an encumbrance on the land so occupied.

SAME.—*Pleading.*—*Counter-Claim.*—To an action to foreclose a mortgage given for the purchase-money of certain land, a counter-claim, alleging a failure of title, is not sustained by proof of the existence of an easement or right of way over the land.

From the Kosciusko Circuit Court.

*C. Clemans,* for appellants.

*A. G. Woods,* for appellee.

MITCHELL, C. J.—This was a proceeding by Thomas against Douglass and others to foreclose a mortgage.

The defendants pleaded by way of counter-claim, that the consideration of the note, mentioned in the complaint, was part of the purchase-price of the several parcels of land described in the mortgage, which land it was averred had been conveyed to the mortgagors by the mortgagee, by deed containing full covenants of warranty. It was averred that the purchase-price agreed to be paid for the land was $1,200, and that it had all been paid except the amount covered by the note in suit, the principal of which was $300.

The defendants then averred the following breach in the covenants of warranty contained in their deed: " That said plaintiff did not have title to said real estate; that as to the undivided one-half·of lot three, block nine, of the above described tract of land, plaintiff had no title whatever when he made said conveyance to these defendants, but that the title thereof was in another party, to wit, the Pittsburgh, Fort Wayne and Chicago Railroad Company, and that neither these defendants nor the plaintiff herein have obtained title to said real estate since the making of said conveyance." It was averred further that the defendants "have wholly lost the undivided one-half of lot three, block nine," and that "it will cost $450 to obtain a clear title to said real estate."

Upon issues made, there was a trial by a jury, resulting in

a verdict and judgment, over a motion for a new trial, for the full amount of the note and interest.

The only error assigned and argued is, that the court erred in overruling the appellants' motion for a new trial. The conveyance from Thomas to the appellants was made on the 16th day of March, 1878.

It appeared in evidence that, in June, 1852, Lewis Keith, a remote grantor of Thomas, while owning the land in controversy, conveyed to the Fort Wayne and Chicago Railroad Company "the right of way," of an undefined width, over lot three, which was part of the land mortgaged. There was a stipulation in the deed that the railroad company was to "have and hold the said rights and privileges to the use of said company so long as the same shall be required for the uses and purposes of said road." It also appeared in evidence that the railroad company occupied with its tracks part of lot three.

At the proper time, after stating the issues, the court instructed the jury, in substance, that the defendants could not prevail on their counter-claim, as pleaded, unless the evidence established that, at the time Thomas conveyed to the appellants, he had no title to the land in dispute; saying to the jury, in substance, that the counter-claim pleaded did not proceed upon the theory that there was a lien or encumbrance on the land, but upon the assumption that there had been an entire failure of title, and that proof of a mere right of way over the land was not sufficient to sustain the counter-claim. The court also instructed the jury that the effect of the deed from Keith to the railroad company was to convey to it nothing more than a right of way over the land.

It is earnestly contended by the learned counsel for appellants, that in the instruction so given the court erred. It is by implication, at least, conceded, that if, by force of the deed from Keith to the railroad company, nothing but a right of way was granted, the instruction was right, but the contention of counsel is that the court below misconceived the

force of the deed, and that, instead of a mere right of way, it conveyed a fee simple. It is claimed that the case of *Indianapolis, etc., R. W. Co.* v. *Rayl,* 69 Ind. 424, supports this conclusion. It was held in that case that an instrument conveying the right of way to the railroad company there concerned, supplemented by the 19th section of the act under which it was incorporated, did have that effect. The act of incorporation in that case, however, expressly provided that the right of way, when acquired, should be held in fee simple by the corporation. Prior to May 6th, 1853, there was no general law for the incorporation of railroads in force in Indiana, and as the deed from Keith was made in June, 1852, and as the record does not inform us concerning the nature of the charter of the Fort Wayne and Chicago Railroad Company, in respect of the estate which it should take in its right of way, we must construe the deed according to the terms employed in the instrument. From these it is clear that it conveys nothing more than an easement in or right of way over the land. This constituted an encumbrance on the land, and if there was any breach of the covenants, in the deed from Thomas to the appellants, it related to the covenant against encumbrances, and should have been so alleged in the counter-claim. *Burk* v. *Hill,* 48 Ind. 52. (17 Am. R. 731).

The averments in the appellants' counter-claim were, that the plaintiff, at the time the conveyance was made, had no title whatever to part of lot three, but that the title was in another. These averments were not proved by the deed from Keith to the railroad company, which tended to prove nothing more than that the title of Thomas was subject to an easement or right of way in favor of the railroad company. While the easement thus created, if followed by possession and continued occupancy and use by the railroad company, may have been the subject of a proper counter-claim to the extent of the damage resulting therefrom, it was not the one

pleaded. *Boardman* v. *Griffin,* 52 Ind. 101; *Thomas* v. *Dale,* 86 Ind. 435; *City of Huntington* v. *Mendenhall,* 73 Ind. 460.

There was, therefore, no error in the instructions given by the court, and as what has been said concerning those given disposes of those refused, it results that the judgment must be affirmed, with costs.

