No. 12,449.

THE CINCINNATI, INDIANAPOLIS, ST. LOUIS AND CHICAGO RAILWAY COMPANY *v.* GEISEL.

RAILROAD.—*Deed.*—*Right of Way.*—*Easement.*—A deed releasing and quitclaiming to a railroad company " the right of way for so much of said railroad, being eighty feet wide, as may pass through the following described land," etc., conveys merely an easement, the fee remaining in the grantor.

SAME —*Character and Extent of Estate Acquired.*—*Contract.*—Where a railroad company acquires an estate in land for the use of its tracks by contract with the owner and not by proceedings under the right of eminent domain, the character and extent of the estate are to be determined by the contract, and are not affected by charter provisions authorizing it to acquire a greater estate than that contracted for.

From the Marion Superior Court.

*A. W. Hendricks, O. B. Hord, E. Daniels* and *A. Baker,* for appellant.

*D. V. Burns,* for appellee.

ELLIOTT, C. J.—The question in this case is this : Did the deed of Gilbert McCoy vest in the appellant's grantor an estate in fee to the land described in it ? The deed reads thus :

"RELEASE OF RIGHT OF WAY.

" I, Gilbert McCoy, of the county of Marion, and State of Indiana, for and in consideration of the advantages which

may or will result to the public in general and myself in particular, by the construction of the Lawrenceburgh and Upper Mississippi Railroad, as now surveyed, or as the same may be finally located, and for the purpose of facilitating the construction and completion of said work, do hereby, for myself, my heirs, executors, administrators and assigns, release, relinquish and forever quitclaim to the Lawrenceburgh and Upper Mississippi Railroad Company, the right of way for so much of said railroad, being eighty feet wide, as may pass through the following described piece, parcel or lot of land, to wit: The southwest quarter of section 26, town. 15, range 4 east: *Provided,* and on the condition, that the company pays me one hundred dollars in railroad stock of said company. It is also understood that the company is to make two or three pits where I may want them. It is also understood that I reserve all the timber for my own use. I am to occupy all the ground up to the grade after said road is finished. And I will hereby further release and relinquish to the said railroad company, all damages and right of damages, actions and causes of actions, whatever, which I might sustain, or be entitled to, by reason of anything connected with or consequent upon the location or construction of said work, or the repairing thereof when finally established and completed."

A right of way is an incorporeal hereditament, and this is all that the deed conveys. *Stuyvesant* v. *Woodruff,* 1 Zab. (N. J.) 133; *Bodfish* v. *Bodfish,* 105 Mass. 317; *Williams* v. *Western Union R. W. Co.,* 50 Wis. 71; *Wild* v. *Deig,* 43 Ind. 455; *Pfaff* v. *Terre Haute, etc., R. R. Co.,* 108 Ind. 144.

The grant of a right of way is the grant of an easement and implies that the fee remains in the grantor. A person who has a right of way has nothing more than a right of passage, and can not be the owner of the *corpus* of the land. It is a settled rule that where the owner of the fee becomes the owner of the easement, the less estate is merged in the greater, but where one person owns only the right of way

the fee is in the owner of the servient estate. Here the only estate the deed professes to convey is the right of way, and consequently the fee remains in the grantor, since, where one party has a right of way, the other has the fee.

We do not think the question before us is affected by the provisions of the charter of the appellant's grantor, for here the right is founded entirely upon contract, and not upon proceedings under the right of eminent domain. The question is not what estate might have been acquired, but what estate did the one party bargain for and the other convey? It does not follow that because a railroad company may take an estate in fee, or a right of way of a defined width, it does take such an estate, or such a right of way, for parties may by their contract create a less estate than a fee, or a right less in extent than that which the law authorizes the grantee to acquire. *Indianapolis, etc., R. R. Co.* v. *Reynolds,* 116 Ind. 356.

Judgment affirmed.

Filed May 15, 1889.