CATHERINE J. BANNIN, Plaintiff, *v.* CHARLES PECK, Defendant.

First Department, May 21, 1943.

*Thomas J. Bannin* for plaintiff.

*Frederick E. Zane* of counsel (*Zane & Lippner*, attorneys), for defendant.

DORE, J. This is a submission of controversy under sections 546–548 of the Civil Practice Act.

On August 26, 1942, plaintiff, as seller, and defendant, as purchaser, made a written agreement for the sale of a parcel of land known as 216 West 104th Street, New York, N. Y. The seller agreed to convey to the purchaser a fee simple of the premises free of all encumbrances except as stated in the contract. The contract provided that it was subject to an easement conveyed to the city of New York but that exception is not presented in this controversy.

On November 30, 1942, the seller tendered a deed but the buyer refused to accept solely on the ground that the seller's title was defective because the deed under which the seller claimed title in fee simple contained a *habendum* clause which purported to limit the estate in fee simple granted in the premises of the deed to a life estate and because the purchaser's title examiner raised this objection to the title suggesting a proceeding under section 107-a of the Real Property Law.

Plaintiff contends that the *habendum* clause, being irreconcilable and repugnant to the premises of the grant, is void and that she is entitled to judgment declaring that she is seized of an estate in fee simple and has good right to convey the same and that defendant be directed to accept the deed in accordance with the contract of purchase and sale.

A copy of the seller's title deed is made part of the submission. By that deed made December 24, 1913, Hugh King, a widower, father of plaintiff herein, granted to plaintiff " her heirs and assigns forever " the real property in question describing it by metes and bounds, subject to the easement conveyed to the city and subject also " to an estate for the life of the party of the first part," (the grantor, Hugh King),

together with the appurtenances. Then followed the *habendum* clause in question: "To have and to hold the above granted premises unto the said party of the second part [plaintiff], for and during the term of her natural life, with remainder over to the issue of the party of the second part, if any there be, and if there be no issue, then to the corporation known as Hugh King Estate, Inc." The grantor covenanted that he was seized of the premises in fee simple and had good right to convey the same, and the deed was duly recorded in the office of the Register of New York County. In the granting clause the words "her heirs" were written in by typewriter.

The grantee, plaintiff herein, took possession of the property, occupied one of the apartments for some years, enjoyed the rents and profits, paid the taxes and expenses, and from 1913 to the present time has had quiet enjoyment and complete dominion over the property. The grantor, Hugh King, father of plaintiff, died in New York City, October 21, 1929.

At the closing, the seller offered to the purchaser and to place on record in the office of the Register of the county of New York quitclaim deeds of all her five children, all of full age and without descendants, a quitclaim deed of the Hugh King Estate, Inc., and an affidavit of title.

That part of a deed called the " premises " contains *inter alia* the names of the contracting parties, the granting or operative words, a designation of the quantity of the estate transferred as by the use of the word " heirs," a description of the property and quite commonly a designation of encumbrances and exceptions; and that portion of the deed extends from the beginning to the words " To have and to hold," known as the *habendum* clause. In ancient conveyancing, the office of the *habendum* was to determine the interest granted or to lessen, enlarge, explain or qualify the premises, but in modern conveyancing it has ceased to perform that function. (*Harriot* v. *Harriot,* 25 App. Div. 245, 249; *Clapp* v. *Byrnes,* 3 App. Div. 284, 286, affd. 155 N. Y. 535.)

In *Mott* v. *Richtmyer* (57 N. Y. 49, 63) the court held: " That portion of the deed called the premises gives Abraham, his heirs and assigns, forever, an absolute title in fee to the lands conveyed. There is an apparent attempt to qualify this title in the *habendum* clause, but that clause cannot have the effect claimed by plaintiffs' counsel. It is said in 4 Kent's Commentaries, 468, that the *habendum* clause ' cannot perform the office of divesting the estate already vested by the deed, for it is void if it be repugnant to the estate granted.' Judge

SUTHERLAND, in *Jackson* v. *Ireland,* (3 Wend. 100), says: ' No doubt the premises in a deed must control when the *habendum* clause is inconsistent with it.' * * * ' Still it is true that if the *habendum* be absolutely repugnant to the premises, if it cannot be reconciled with them so that full effect can be given to both, it must give way and the premises must stand. Thus, if there be a grant to one and to his heirs, *habendum* to him for life, there is an irreconcilable contradiction, for it cannot be an estate for life and at the same time an estate in fee simple; either the word heirs in the premises must be stricken out or effect must be denied to the *habendum*. In a deed the premises will prevail.' "

In Reeves' " Real Property," volume 2, after stating that when the *habendum* clause apparently conflicts with the premises, the two must be made to harmonize if this can reasonably be done and that otherwise the statement in the premises controls, the learned author adds (op. cit. § 1137, p. 1517): " * * * The net result is that, when there is a discrepancy, real or apparent, between the quantity of estate described by the premises and that indicated by the *habendum,* the construction is strongest against the grantor, and the purchaser obtains the larger of the two interests thus stated." Washburn, Real Property (6th ed.), volume 3, section 2271, page 353, says: " * * * if the language of the grant be definite in limiting the estate, and that of the *habendum* is clearly repugnant to the grant, the *habendum* yields to the terms of the grant."

In *Bates* v. *Virolet* (33 App. Div. 436) three parties were named in the deed, and the court pointed out that the rule in *Mott* v. *Richtmyer* (*supra*) was only a rule of construction which must yield to the manifest intent of the grantor if it is plain that the intent makes the rule inapplicable. In that case the court found within the four corners of the deed there in question convincing evidence of an intent to limit the interest granted to the party of the second part to an estate for life and to give an absolute fee in the remainder to the party of the third part and his heirs. That deed by the alterations adding in each case the party of the third part and by its covenants running not to the party of the second part alone but to the parties of the second and third parts, limited the grant. The court, however, added " If there is nothing more in the deed than a grant of the whole estate subsequently limited by the *habendum* clause, then the rule of construction laid down in *Mott* v. *Richtmyer* [*supra*] must necessarily prevail; that is to say, where there is nothing more than the premises and the

*habendum* to be considered the settled rule of construction will apply."

The *habendum* clause in the deed before us, being repugnant to the premises, must give way and the " premises " must stand under the authority of *Mott* v. *Richtmyer* (*supra*).

In this case the granting clause of plaintiff's title deed in the premises conveyed the fee simple. The life estate for the life of the grantor, Hugh King, was extinguished by his death on October 21, 1929. The seller has offered quitclaim deeds from all of her five children, all of full age and without descendants, a quitclaim deed of the Hugh King Estate, Inc., and a complete affidavit of title. Defendant admits that there is no objection to the form and content of the deed, if the objection based on the *habendum* clause is resolved by the court favorably to the seller's contention.

Accordingly, judgment is directed in plaintiff's favor, without costs.

MARTIN, P. J., UNTERMYER, COHN and CALLAHAN, JJ., concur.

Judgment unanimously directed in favor of the plaintiff, without costs. Settle order on notice.