Attorneys for Appellant

Catherine S. Christoff

Christoff & Christoff

Fort Wayne, Indiana

Attorneys for Amici Curiae, Indiana Farm Bureau and “Landowner Class Members”

Nels Ackerson

The Ackerson Group, Chartered

Washington D.C.

Henry J. Price

Price & Findling

Indianapolis, IN

Attorneys for Appellee

Dennis D. Sutton

Burt, Blee, Dixon & Sutton

Fort Wayne, Indiana

IN THE

INDIANA SUPREME COURT

IN RE: ZOHRAB K. TAZIAN and

NAOMI TAZIAN,

Appellants (Defendants below),

and JAMES A. LONG, II and

MARY ANN LONG, ROBERT S.

WARNER AND MALEA A. RAMER,

and ELEANOR L. DOEHLA,

Defendants (not participating

in this appeal)

v.

ALICE CLINE,

Appellee (Plaintiff below).

)

) Supreme Court No.

) 02S03-9709-CV-512

)

) Court of Appeals No.

) 02A03-9603-CV-80

)

)

)

)

)

)

)

)

)

)

)

APPEAL FROM THE ALLEN CIRCUIT COURT

The Honorable Thomas L. Ryan, Judge

Cause No. 02C01-9502-CP-192

ON PETITION TO TRANSFER

SULLIVAN,  Justice.

This case is one of several lawsuits in our state in which the ownership of land formerly constituting railroad rights-of-way is contested.  We agree with the Court of Appeals and the trial court that the nineteenth century deed at issue here conveyed fee simple absolute to the railroad.  

Background

Neither party disputes the following facts.  Alice Cline purchased a 4.24 acre strip of land in Allen County from United Railroad Corporation/Penn Central Corporation by quitclaim deed on May 15, 1985, and duly recorded the deed.  This strip of land abutted the property of Zohrab and Naomi Tazian.
(footnote: 1)  United Railroad Corporation/Penn Central Corporation was the successor railroad in interest to the Fort Wayne Jackson & Saginaw Railroad Company (“Fort Wayne Railroad”).  The Fort Wayne Railroad acquired its interest in the strip of land from S. Cary Evans and his wife through a handwritten deed dated February 10, 1873.  The interpretation of this deed is the single issue on appeal.  The handwritten deed from Evans to the Fort Wayne Railroad reads as follows:

This indenture made this 10th day of February AD 1873 between Cary Evans & wife of the first part and the Fort Wayne, Jackson & Saginaw Railroad Company of the second part.  Witnesseth that the said parties of the first part in consideration of five hundred dollars to them in hand paid by the party of the second part the receipt whereof is hereby acknowledged and in further consideration of the benefits anticipated from said railroad when constructed do grant and convey and warrant to the party of the second part and their successors and assigns a strip of land fifty feet in width on West side of railroad over, across, and through the following described tract of land situated in the County of Allen and State of Indiana, viz:

The South West Quarter of Section Two (2), Township Thirty-one (31) North, Range Twelve (12) East, formerly owned by William . . . Hawley deceased deeded by Wm. E. Hawley to S.C. Evans recorded record 55, page 438 said strip of ground to be on and along the central line of said railroad as the same shall be finally located on such tract of land and of such width on each side of said central line as the final location of said railroad by said company shall determine.  With the right also for the safety of said railroad to cut down standing timber on the outside of either outer line of said strip of ground which by falling would endanger said railroad or any of its structures to have and to hold all and singular the said premises in and by these presents released and conveyed unto the said Fort Wayne, Jackson & Saginaw Railroad Company and their successors and assigns forever for the uses and purposes therein expressed.

In witness whereof, the said parties of the first part have hereunto set their hands and seals this day and year first above written.

 (R. 70.)

Cline and the Tazians each filed cross motions for summary judgment to quiet title in the disputed land.  The trial judge granted summary judgment in favor of Cline and later accepted Cline’s proposed findings of fact, conclusions of law and decree quieting title.  The Tazians appealed and a divided Court of Appeals “affirmed the trial court in its entirety.”  
Tazian v. Cline
, 673 N.E.2d 485 (Ind. Ct. App. 1996).  

The Tazians seek transfer, contending the trial court and Court of Appeals erred in construing the deed from Evans to the Fort Wayne Railroad as conveying a fee simple absolute. 

Discussion

Indiana courts frequently face issues related to the ownership and use of parcels of land formerly used as railroad rights-of-way.  This Court has recently done so in 
Consolidated Rail Corp., Inc. v. Lewellen
, 682 N.E.2d 779 (Ind. 1997); 
Calumet Nat’l Bank as Trustee v. American Tel. & Tel. Co.
, 682 N.E.2d 785 (Ind. 1997); and 
Hefty v. All Other Members of the Certified Settlement Class
, 680 N.E.2d 843 (Ind. 1997).  Some such cases  require the construction of nineteenth and early twentieth century deeds conveying interests to railroads.
(footnote: 2)  Therefore, as we interpret the nineteenth century deed at issue in this case, we do so with the aid of nearly a century’s worth of common law decisions dealing with conveyances to railroads.

Here we must determine whether the Fort Wayne Railroad held fee simple to the strip of land or whether the Fort Wayne Railroad held a mere easement.  If the Fort Wayne Railroad held a mere easement, then summary judgment in favor of Cline would have been improper as that easement would have been extinguished upon abandonment by the United Railroad Corporation/Penn Central Corporation and United Railroad Corporation would have had no interest to convey to Cline.  However, if the Fort Wayne Railroad held fee simple title to the parcel of land, Cline owns the strip of land and summary judgment in favor of Cline was proper.  

In a quiet title action, one must recover upon the strength of his or her own title.  
Ross, Inc. v. Legler
, 245 Ind. 655, 658, 199 N.E.2d 346, 347 (Ind. 1964).  In determining the interest conveyed to the railroad, a court will seek to give effect to the intent of the parties.  
Cleveland, Columbus, Cincinnati and Indianapolis Ry. Co. v. Coburn
, 91 Ind. 557, 562 (1883).  

[O]ne of the most important rules in the construction of deeds is so 
to construe them that no part shall be rejected.
  The object of all construction is to ascertain the intent of the parties and 
it must have been their intent to have some meaning in every part.  
It never could be a man’s intent to contradict himself; therefore we should lean to such a construction as reconciles the different parts, and reject a construction which leads to a contradiction. . . .
”  

Ross, Inc.
, 245 Ind. at 659, 199 N.E.2d at 348 (citing 
Claridge v. Phelps
, 105 Ind. App. 344, 347, 11 N.E.2d 503, 504 (1938)) (emphasis in original).  Accordingly, in construing a deed, a court should regard the deed in its entirety, considering the parts of the deed together so that no part is rejected.  
Brown v. Penn Central Corp.
, 510 N.E.2d 641, 643 (Ind. 1987).  “[W]here there is no ambiguity in the deed, the intention of the parties must be determined from the language of the deed alone.  
Brown
, 510 N.E.2d at 641 (citing 
Enderle v. Sharman
, 422 N.E.2d 686, 692 (Ind. Ct. App. 1981)).”  
Hefty
, 680 N.E.2d at 853.  Courts consider the “known use to which the property was to be subjected
(footnote: 3) and therefrom give the conveyance the effect intended by the parties.”  
Ross, Inc.
, 245 Ind. at 661, 199 N.E.2d at 349 (footnote in original). 

I

We begin by looking at the granting clause of the deed.  The deed states “in consideration of five hundred dollars to them in hand paid . . . and in further consideration of the benefits anticipated from said railroad when constructed do grant and convey and warrant . . . a strip of land . . . over, across, and through the following described tract of land.”

A

We agree with the trial court and the Court of Appeals that the language “do grant and convey and warrant” is consistent with the controlling property statute in effect at the time of conveyance (and still in place today) which provides that any conveyance worded as:  “‘A.B. conveys and warrants to C.D.’ [here describe the premises] ‘for the sum of’ [here insert the consideration] shall be deemed and held to be a conveyance in fee simple to the grantee . . . .”
(footnote: 4)   However, as pointed out by Judge Staton in his dissent, that same statute also provides that “if it be the intention of the grantor to convey any lesser estate, it shall be so expressed in the deed.”
(footnote: 5)  Although the use of this language “grant and convey and warrant” favors the construction of the deed as conveying a fee simple absolute to the railroad company, such language is just a factor in determining whether the parties intended to grant a fee or an easement.  We will look to other parts of the deed to see if the grantor expressed an intention to convey a lesser estate than fee simple.

B

The granting clause conveys a “
strip of land
 fifty feet in width on West side of railroad . . . over, across, and through” the described tract of land.  (Emphasis added.) 

A deed that conveys a 
right
 generally conveys only an easement. [
Richard S.
]
Brunt Trust
[
v. Plantz
], 458 N.E.2d [251,] 253 [Ind. Ct. App. 1983].  The general rule is that a conveyance to a railroad of a strip, piece, or parcel of land, without additional language as to the use or purpose to which the land is to be put or in other ways limiting the estate conveyed, is to be construed as passing an estate in fee, but reference to a right of way in such conveyance generally leads to its construction as conveying only an easement. 
L. & G. Realty & Construction Co. v. Indianapolis
, 127 Ind. App. 315, 322, 139 N.E.2d 580, 585 (1957). 

Brown
, 510 N.E.2d at 644.

The granting clause in the present deed does not appear to be limited to conveying only a right,
(footnote: 6) nor does the deed describe the interest conveyed as a right of way.  Rather, the particular language provides that the Evanses “do grant and convey and warrant . . . a strip of land.”  Applying the settled general rule of this state, this language supports construction of the deed as conveying fee simple to the railroad.

Arguing that “[t]he grantor intended to limit the railroad to a right to travel across, over, and through the land using the granted corridor, but no right to use the property itself for any other purpose[,]” amici point to a number of cases in which the words over, across or through appear in deeds ultimately construed as easements. (Br. of Amici at 10).
(footnote: 7)  Although that appears to be the case, in each and every one of those cases, the deeds in question also contained other language supporting the finding of an easement—language limiting the use to railroad purposes and/or referencing a right of way.  
See
 
Brown
, 510 N.E.2d at 643 (“the 
Right of Way
 for the use of the Railroad of said Company over and across. . . .”); 
Chicago Ry. Co. v. Geisel
, 119 Ind. 77, 78, 21 N.E. 470, 470 (1889) (“release, relinquish, and forever quitclaim . . . the 
right of way
 for so much of said railroad . . . as may pass through the following . . .”); 
Ingalls v. Byers
, 94 Ind. 134, 135 (1883) (“do give grant, bargain, sell and convey to the said company the 
right of way
 for the use of the said railway over and across” the described property); 
L. & G. Realty
, 127 Ind. App. at 318, 139 N.E.2d at 583 (“CONVEY and WARRANT . . . the 
Right of Way
 for Railroad and other purposes over, upon and across the following real estate . . . .”);  
Lake Erie & Western R.R. Co. v. Ziebarth
, 6 Ind. App. 228, 234, 33 N.E. 256, 258 (1893) (conveys and warrants “ the 
right of way
 for the construction and operation of said company’s railroad . . . through and over the following described land. . . .”)(Emphasis added.)  

We do not find that the cited cases control our construction of the deed at issue today.  The deed uses the expression “over, across and through” to describe the strip of land being conveyed.  In contrast, the cited cases use the expression to describe the use the railroad will make of the parcel being conveyed.  This deed contains no language in the granting clause limiting the uses or purposes for the land nor does it contain the term “right of way.” 

C

As evidence of an intent to convey an easement, Tazian and amici point to the deed language providing that the consideration paid would be “five hundred dollars” and “in further consideration of the benefits anticipated from said railroad when constructed.”  When attempting to ascertain the intent of the parties to a conveyance to a railroad, appellate courts of this state look at the consideration paid to the grantee railroad.  “[W]here the consideration is nominal or where the only consideration is the benefit to be derived by the grantor from the construction of the railroad rather than the full market value for the interest acquired reflects the intent to create an easement.”  
Richard S. Brunt Trust
, 458 N.E.2d at 255 (citations omitted).  However, the 
Richard S. Brunt Trust
 court noted, “[a]lthough such consideration is not by itself persuasive that the parties intended to convey an easement, it is just one more factor held to indicate an easement . . . .”  
Id
.   

In the present deed, the consideration was “five hundred dollars to them in hand paid” by the Fort Wayne Railroad Company and “in further consideration of the benefits anticipated from said railroad when constructed.”   The record fails to show the full market value of the strip of land in 1873.  Although we know that the consideration paid is more than nominal and more than the mere benefit to be derived by the grantor from the construction of the railroad, absent some record of the value of the land in 1873, we do not think that the amount of consideration paid to Cary Evans and his wife is conclusive as to the intent of the parties.
(footnote: 8)

D

Amici contend that because the deed fails to convey a 
specific
 strip of land (by only conveying a “strip of ground to be on and along the central line of said railroad as the same shall be finally located on such tract of land and of such width on each side of said central line as the final location of said railroad by said company shall determine”), the grant cannot occur without the actual construction of the railroad.  The argument goes that this fact “is fundamentally inconsistent with the holding of the [Court of Appeals] majority that the deed conveyed unrestricted fee simple interest in the property for any purpose.”  (Br. of Appellant at 10-12.)  We are not convinced by this argument.  

In a conveyance, the office of a description is not to identify the land but to furnish the means of identification.  
Edens v. Miller
, 147 Ind. 208, 211, 46 N.E. 526, 527 (1897).  It is true that the deed in question does not identify the particular strip of land.  However, the description does provide the means of identifying that strip of land — namely, the strip of land determined by the railroad company to locate the central line of the railroad within “The South West Quarter of Section Two (2), Township Thirty-one (31) North, Range Twelve (12) East, formerly owned by William . . . Hawley deceased deeded by Wm. E. Hawley to S.C. Evans recorded record 55, page 438. . .”   Accordingly, we do not interpret this language of the deed to evidence the intent to convey only an easement.  

II

As no part of the deed is to be rejected, we now look to the language following the description of the land (including that part of the deed customarily referred to as the “habendum” clause 
(footnote: 9)):  

With the right also for the safety of said railroad to cut down standing timber on the outside of either outer line of said strip of ground which by falling would endanger said railroad or any of its structures to have and to hold all and singular the said premises in and by these presents released and conveyed unto the said Fort Wayne, Jackson & Saginaw Railroad Company and their successors and assigns forever for the uses and purposes therein expressed.

The Court of Appeals majority concluded that this clause “does not specifically limit the granting clause’s conveyance of a fee simple” and the language of the deed “conveyed a fee simple estate . . . without any limitation on the uses or purposes of the land.”  The dissent and the Tazians argue that the phrase “refers to the previous discussion of railroad operations within the deed, thus limiting the grant.”  (Br. of Appellant at 9).  Particular debate centers around the concluding language of the habendum clause, “for the uses and purposes therein expressed.”  In that the habendum clause serves to explain the granting clause in a deed, 
see
 footnote 9, 
supra
, we read the concluding language to be a cross-reference to the granting clause — “for the uses and purpose therein expressed,” 
i.e.
, the uses and purposes expressed in the granting clause.  As earlier discussed, the granting clause does not limit the uses and purposes of the strip of land.  As such, we view this language as merely restating that the grantee’s uses and purposes are not limited.

Finally, without being dispositive, we note the habendum to the grant being “forever,” a temporal descriptor more consistent with the conveyance of a fee than of an easement here.  
See
 
United States v. 1.44 Acres of Land in Montgomery Co., Md.
, 304 F.Supp. 1063, 1072 (D.Md. 1969)(habendum and granting clauses conveying property to a railroad “forever” construed to convey fee simple title); 
cf.
 
Geisel
, 119 Ind. at 78 (instrument purporting to ‘release, relinquish and forever quitclaim to the [railroad] the right of way” held to grant easement, not fee).

III

The appellate courts of this state have frequently construed eighteenth and early nineteenth century deeds conveying interests in strips of land to railroads as conveying mere easements.  However, the deed we examine today is different.  

This deed is not a preprinted form prepared by the railroad. 
But
 
see
 
Brown
, 510 N.E.2d at 643; 
Richard S. Brunt Trust
, 458 N.E.2d at 252 (both stating that deeds prepared by railroad are to be construed in a light most favorable to grantors).

 More importantly, this deed does not describe the interest conveyed as a railroad right of way nor does the language limit the conveyance as for railroad purposes or railroad uses.  
See
 
Brown
, 510 N.E.2d at 643 (granting the “Right of Way for the use of the Railroad . . . over and across” the land, limiting a portion of the grant “for Depot and Rail Road purposes,”); 
Ross,Inc.
, 245 Ind. at 662, 199 N.E.2d at 349 (holding where deed expressly defined interest as “right of way” deed conveyed only easement); 
Geisel
, 119 Ind. at 78, 21 N.E. at 470 (holding that grant of “right of way for so much of said railroad” is grant of an easement and implies that fee remains in grantor); 
Douglass v. Thomas
, 103 Ind. 187, 189, 2 N.E. 562, 563 (1885) (deed conveyed “right of way” to “have and hold the rights and privileges . . . so long as the same shall be required for the uses and purposes of said road”); 
Ingalls
, 94 Ind. at 135-136 (granting “the right of way for the use of the said railway over and across” the land “clearly imports an intention to convey an easement . . . for a particular purpose”); 
Lake County Trust Co. v. Lane
, 478 N.E.2d 684, 685-686 (Ind. Ct. App. 1985) (conveying right of way “in trust for such railroad company or companies as might cause a railroad to be constructed”); 
Richard S. Brunt Trust
, 458 N.E.2d at 253 (releasing “the right of way, for railroad purposes only, for such railroad . . . .”); 
L. & G. Realty
, 127 Ind. App. at 318, 319, 139 N.E.2d at 583 (conveying 
“Right of Way
 for Railroad and other purposes” while grantees “promise and agree that they will build their tracks” and if not the right of way reverts to the grantor);  
Ziebarth
, 6 Ind. App. at 234, 33 N.E. at 258 (concluding deed language clearly imports intent to convey easement where grant for nominal consideration, grant of right of way for construction and operation of railroad through and over land, and grant conditioned upon strip of land being used for railroad purposes only with reversion to grantor once land ceases to be used for railroad purposes).    

Conclusion

We grant transfer, summarily affirm the opinion of the Court of Appeals and affirm the trial court’s grant of summary judgment in favor of Cline.

SHEPARD, C.J., and SELBY, J., concur.

DICKSON, J., dissents without separate opinion. 

BOEHM, J., not participating.

FOOTNOTES
1:
Alice Cline’s 4.24 strip of real estate also abutted the property of the other defendants in the proceedings before the trial court.  However, only the Tazians appealed the decision of the trial court.

2:
See
 
e.g.
, 
Brown v. Penn Central Corp.
, 510 N.E.2d 641 (Ind. 1987); 
Ross, Inc. v. Legler
, 245 Ind. 655, 657, 199 N.E.2d 346, 347 (1964) (“only issue in this case is whether the deeds. . .convey the fee simple title or an easement only.”); 
Douglass v. Thomas
, 103 Ind. 187, 2 N.E. 562 (1885) (1852 deed analyzed for whether conveying fee or easement); 
Cincinnati, Indianapolis, St. Louis & Chicago Ry. Co. v. Geisel
, 119 Ind. 77, 78, 21 N.E. 470, 470 (1889) (only question whether deed vested an estate in fee to the railroad); 
L. & G. Realty & Constr. Co. Inc. v. City of Indianapolis
, 127 Ind. App. 315, 319, 139 N.E.2d 580, 583 (1957) (“ pivotal question” is whether deed conveyed a fee or an easement for a railroad right of way).  
Cf.
 
Lake Erie & Western R.R. Co. v. Ziebarth
, 6 Ind. App. 228, 234, 33 N.E. 256, 258 (1893) (“deed . . . does not purport to convey a fee” and “language of the deed clearly imports an intention to convey an easement”).

3:
"The tendency of modern decisions is to disregard technicalities and to treat all uncertainties in a conveyance as ambiguities subject to be cleared up by resort to the intention of the parties as gathered from the instrument itself, the circumstances attending the leading up to its execution, and the subject matter and the situation of the parties as of that time. . . .” (citations omitted).

4:
Ind. Rev. Stats. 1852, ch. 23 § 12 read as follows:

Any conveyance of lands worded in substance as follows: “A.B. conveys and warrants to C.D.” (here describe the premises) “for the sum of” (here insert the consideration,) the said conveyance being dated and duly signed, sealed, and acknowledged by the grantor, shall be deemed and held to be a conveyance in fee simple to the grantee, his heirs and assigns, with covenant from the grantor for himself and his heirs and personal representatives, that he is lawfully seized of the premises, has good right to convey the same, and guarantees the quiet possession thereof . . . .

Cf
. Ind. Code § 32-1-2-12 (1993).

5:
Ind. Rev. Stats. 1852, ch. 23, § 14 read as follows:

It shall not be necessary to use the words ‘heirs and assigns of the grantee,’ to create in the grantee an estate of inheritance; and if it be the intention of the grantor to convey any lesser estate, it shall be so expressed in the deed.  

6:
The only mention of a right is the right granted to the railroad in the habendum clause to “to cut down standing timber on the outside of either outer line of said strip of ground which by falling would endanger said railroad or any of its structures . . . .”  We will address this part of the deed in Part II, 
infra
.

7:
Tazian fails to articulate any reason why the language “over, across, and through” the land tends to support construction of this deed as an easement.  The brief submitted to this Court merely states “The deed also grants the strip of land for laying train tracks and running the train ‘over, across, and through’ the land.”  (Br. of Appellant at 9).

8:
Amici draw our attention to one opinion in particular as support for this argument.  In deciding which party was entitled to condemnation proceeds, this Court in 
Ingalls v. Byers
, 94 Ind. 134 (1883), faced a deed in which the grantor “in consideration of the location and construction of the . . . Railway, and — dollars . . . do give grant, bargain, sell and convey to the said company the right of way for the use of the said railway over and across the east” the described property. 
Id
. at 135. This Court determined that the consideration which gives effect to the deed was “the location and operation of the . . . Railroad and the erection and maintenance of fences as provided in the deed.” 
Id.
 at 136.  The 
Ingalls
 court concluded that because the consideration was never paid (the railroad was built upon property other than that described in the deed), the deed granting the easement was never in effect.  
Id
. at 137.   However, in construing the language of the actual deed, the Court determined that the deed clearly conveyed an easement.  
Id.
  We do not find 
Ingalls
 helpful in our analysis of the relationship between the consideration recited and interest conveyed in the deed at issue.

9:
Black’s Law Dictionary 710 (6th ed. 1990) defines the habendum clause as follows:

Portion of deed beginning with the words “To have and to hold”. 
Bannin v. Peck
, 266 App.Div. 209, 41 N.Y.S.2d 668, 670.  The clause usually following the granting part of the premises of a deed, which defines the extent of the ownership in the thing granted to be held and enjoyed by the grantee.  
New York Indians v. U.S.
, 170 U.S. 1, 18 S.Ct. 531, 42 L.Ed. 927.  The office of the “habendum” is properly to determine what estate or interest is granted by the deed, though office may be performed by the premises, in which case the habendum may lessen, enlarge, explain, or qualify, but not totally contradict or be repugnant to, estate granted in the premises.  
Claridge v. Phelps
, 105 Ind.App. 344, 11 N.E.2d 503, 504.

Black’s Law Dictionary 700 (6th ed. 1990) defines granting clause as follows:

That portion of a deed or instrument of conveyance which contains the words of transfer of a present interest.
  New Home Building Supply Co. v. Nations
, 259 N.C. 681, 131 S.E.2d 425.

See
 
New York Indians v. United States
, 170 U.S. 1, 20 (“The object of the habendum clause is said to be ‘to set down again the name of the grantee, the estate that is to be made and limited, or the time that the grantee shall have in the thing granted or demised, and to what use.’  It may explain, enlarge, or qualify but cannot contradict or defeat, the estate granted by the premises, and where the grant is uncertain, or indefinite concerning the estate intended to be vested in the grantee, the habendum performs the office of defining, qualifying or controlling it.”  (Citations omitted)); 
Prior v. Quackenbush
, 29 Ind. 475, 478 (1868) (“The premises of a deed are often expressed in general terms, admitting of various explanations in a subsequent part of the deed.  Such explanations are usually found in the habendum.  The office of the habendum is properly to determine what estate or interest is granted by the deed, though this may be performed and sometimes is performed, by the premises, in which case the 
habendum
 may lessen, enlarge, explain, or qualify, but not totally contradict or be repugnant to the estate granted in the premises.”).