█ ROBIN K. BASILE et al., Respondents, v HEIDI C. ROSE, Also Known as HEIDI C. ROSE JORDAN, Appellant. [7 NYS3d 664]—

Garry, J. Appeals (1) from an order of the Supreme Court (Lambert, J.), entered April 8, 2014 in Delaware County, which granted plaintiffs' motion for summary judgment, and (2) from the judgment entered thereon.

In 2002, Allan L. Jordan (hereinafter decedent) executed a deed that conveyed to defendant—decedent's second wife—a life estate in a parcel of real property located in the Town of Franklin, Delaware County. The premises clause of this deed provided that the remainder interest in the property was conveyed to plaintiffs, who are decedent's only children, but its habendum clause stated without qualification that decedent conveyed the property to "[defendant] and assigns forever." In May 2013, following decedent's death, defendant executed a deed that identified herself as both grantor and grantee, and purported to transfer her life estate to herself "as owner of one-half of title interest of these premises passing to [defendant] as surviving spouse of [decedent] who owned said lands at his death." Plaintiffs thereafter commenced this action pursuant to RPAPL article 15 seeking, among other things, a declaration that, subject to the balance of defendant's life estate, they are the owners in fee simple of the property. Plaintiffs moved for summary judgment, and Supreme Court granted the motion. Defendant appeals.

"Every instrument creating [or] transferring . . . an estate or interest in real property must be construed according to the intent of the parties, so far as such intent can be gathered from the whole instrument, and is consistent with the rules of law" (Real Property Law § 240 [3]; *see Phillips v Iadarola*, 81

AD3d 1234, 1235 [2011]). Here, the parties agree that decedent intended to convey a life estate to defendant and that the 2002 deed was effective to do so. However, defendant contends that the 2002 deed did not convey a remainder interest in the property to plaintiffs but, instead, merely evinced decedent's desire to create such an interest at some future date. Accordingly, defendant asserts that decedent retained ownership of the remainder interest and that, under the rules of intestacy, one half of that interest passed to her upon his death and the other half passed to plaintiffs.

Plaintiffs submitted the 2002 deed in support of their motion for summary judgment, among other things. As they contend, the rules of construction applicable to deeds provide that where there is a conflict between the provisions set forth in the premises clause and those in the habendum clause relative to the extent of the conveyance, the premises clause will control, absent a clear indication of a contrary intent elsewhere in the deed (*see Mott v Richtmyer*, 57 NY 49, 63 [1874]; *Bannin v Peck*, 266 App Div 209, 212-213 [1943], *affd* 291 NY 717 [1943]; *Bates v Virolet*, 33 App Div 436, 440 [1898]; 4-37 Warren's Weed, New York Real Property § 37.53 [2014]). Here, the premises clause provides that the remainder interest in the property is conveyed to plaintiffs, and nothing in the deed other than the habendum clause suggests that decedent had a contrary intent. Accordingly, plaintiffs met their prima facie burden to establish their entitlement to summary judgment, and the burden shifted to defendant to raise a genuine issue of material fact (*see* CPLR 3212 [b]).

Contrary to defendant's assertion, Real Property Law § 258 did not require the 2002 deed to expressly label plaintiffs as parties or to include their addresses. The statute does not mandate the use of the deed formats that it sets forth, but instead provides that "this section does not prevent or invalidate the use of other forms" (Real Property Law § 258). Although the failure to include a party's address may prevent a deed from being recorded, it does not operate to invalidate the underlying conveyance (*see* Real Property Law § 333 [1], [1-a]). The purpose of requiring the inclusion of parties' addresses is merely to facilitate identification (*see* 4-37 Warren's Weed, New York Real Property § 37.23 [2014]); here, the deed specifically identifies plaintiffs as decedent's children, and there is no question as to their identities. In any event, even if plaintiffs were not properly considered parties to the deed, the conveyance of a remainder interest to them was not precluded, as the "stranger to the deed" rule applies to reservations and

exceptions from conveyances, rather than remainders (*see Gould v Glass*, 19 Barb 179, 193 [1855]; *Hornbeck v Westbrook*, 9 Johns 73, 75 [1812]; 4-37 Warren's Weed, New York Real Property § 37.65 [2014]; 5-51 Warren's Weed, New York Real Property §§ 51.01, 51.02 [2014] [defining reservations and exceptions]; 11-119 Warren's Weed, New York Real Property § 119.01 [2014] [defining remainders]; *compare Matter of Estate of Thomson v Wade*, 69 NY2d 570, 573-574 [1987]).

Defendant's argument that plaintiffs did not execute real property tax forms RP-5217 and TP-584 is without merit, as these forms pertain to recordation and taxation and have no bearing on the deed's interpretation or validity (*see* Real Property Law § 333 [1-e]; Tax Law § 663; 20 NYCRR 163.5). For the same reason, defendant's claim that plaintiffs are not listed in the Delaware County real property tax rolls is irrelevant. Finally, "the adequacy of consideration paid for the transfer of real property is irrelevant with respect to a deed's validity" (*Adamkiewicz v Lansing*, 288 AD2d 531, 532 [2001]). Accordingly, defendant failed to meet the burden of identifying genuine issues of material fact, and we find that Supreme Court properly granted summary judgment to plaintiffs.

Lahtinen, J.P., Lynch and Devine, JJ., concur. Ordered that the order and judgment are affirmed, with costs.