Titus v Van Houter (2020 NY Slip Op 02225)





Titus v Van Houter


2020 NY Slip Op 02225


Decided on April 9, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 9, 2020

528828

[*1]Gary Titus et al., Appellants,
v
Timothy P. Van Houter et al., Defendants.

Calendar Date: February 10, 2020

Before: Lynch, J.P., Clark, Devine, Pritzker and Reynolds Fitzgerald, JJ.


Coughlin & Gerhart, LLP, Binghamton (Kurt Schrader of counsel), for appellants.



Clark, J.
Appeal from an order of the Supreme Court (Farley, J.), entered January 23, 2019 in St. Lawrence County, which denied plaintiffs' motion for summary judgment.
For decades, plaintiffs' family owned and operated a cottage rental business on the St. Lawrence River. In 1993, the property was conveyed to plaintiffs' sister by plaintiffs' parents, who retained for themselves a life estate in the property and, upon the expiration of that life estate, retained "full and complete use of Cabin [No.] 5" to plaintiffs. The life estate of plaintiffs' parents was voluntarily extinguished in 2014. In 2016, plaintiffs' sister conveyed the property to defendants' immediate predecessor-in-interest in a deed that reserved "full and complete use" of the same cabin to plaintiffs "for their respective lives." In 2017, the property was conveyed to defendants, again with a deed which purported to reserve life use of Cabin No. 5 to plaintiffs. Upon acquiring the property, a disagreement arose between plaintiffs and defendants as to the extent of plaintiffs' use of the property.
Plaintiffs commenced this action, seeking a declaration that their rights included access to the docks and riverfront and an injunction to prevent defendants from restraining or interfering with their use of the property. After defendants had joined issue, and at an early stage in the action before discovery had been completed and with no depositions yet taken, plaintiffs moved for summary judgment. The parties appeared before Supreme Court for oral argument on the motion.[FN1] The court then rendered an order with no written decision that denied the motion for summary judgment without prejudice.[FN2] This appeal ensued.
On a motion for summary judgment, the movant has the burden of presenting evidence showing prima facie entitlement to judgment as a matter of law (see Champlain Gas & Oil, LLC v People, 148 AD3d 1260, 1262 [2017]; Basile v Rose, 127 AD3d 1444, 1445 [2015]). Summary judgment is a "drastic remedy" and will only be granted if the moving party has "'tender[ed] sufficient evidence to demonstrate the absence of any material issues of fact'" (Vega v Restani Constr. Corp., 18 NY3d 499, 503 [2012], quoting Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). If the plaintiff fails to meet this burden, the motion for summary judgment will be denied, regardless of the sufficiency of the defendant's papers (see Vega v Restani Constr. Corp., 18 NY3d at 503; Alvarez v Prospect Hosp., 68 NY2d at 324).
Plaintiffs, at this early stage of the discovery process, have failed to meet their prima facie burden on their motion for summary judgment (see generally William J. Jenack Estate Appraisers & Auctioneers, Inc. v Rabizadeh, 22 NY3d 470, 475-476 [2013]; Vega v Restani Constr. Corp., 18 NY3d at 503-504; Champlain Gas & Oil, LLC v People, 148 AD3d at 1262). Our review of the record reveals that questions of fact exist as to whether plaintiffs are entitled to the relief sought. Therefore, Supreme Court properly denied plaintiffs' motion without prejudice.
Lynch, J.P., Devine, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: The stenographic minutes, if any, of the parties' appearance at oral argument are not included in the record on appeal.

Footnote 2: At oral argument before this Court, plaintiffs' counsel stated that there was no stay in place, that depositions have since been taken, and that the case is scheduled for trial in May 2020.